Cox, Appellant, *v.* Shaffer.

Argued November 15, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*Milton D. Rosenberg,* with him *W. Bryan Pizzi, II,* and *Bloom, Bloom, Rosenberg & Bloom,* for appellant.

*Thomas L. Anderson,* for appellee.

OPINION PER CURIAM, March 27, 1973:

Glenn Cox, an employee of Agway, Incorporated, died on May 3, 1970 from asphyxiation when overcome with lethal fumes after entering a silo through a hatch in the top. The silo had been constructed for Agway in January, 1970, by Donald Shaffer, d/b/a Shaffer Construction Co.

Suit was thereafter instituted against Shaffer by the Administratrix of Cox's Estate, the Complaint alleging that Cox had fatally suffocated from lack of oxygen and charging negligence of defendant in design and construction of the silo in that it did not provide for ventilation of air and also charging defendant with strict liability under Section 402A of Restatement 2d, Torts.

Defendant filed Preliminary Objections in the nature of demurrer alleging that the Complaint failed to state a cause of action because (1) "such silo is by definition and generally known to be constructed and operated oxygen-free, as an essential of its physical and chemical operating principle . . ."; and (2) Section 402A was not applicable in that "such silo obviously was not a product, nor was plaintiff's decedent a user or consumer, nor was this defendant a seller, nor were any other governing facts, within the intent and meaning of Sec. 402A."

The court below dismissed the first objection, the court correctly holding that whether or not there was negligence in the design of the silo could not be answered as matter of law on the basis of any definition of the term but that a factual issue was presented for determination by a jury.

The court below, however, sustained defendant's second objection and held that the strict liability of Section 402A was not applicable to this constructed silo. Plaintiff has appealed to this court, arguing that the court below erred in so ruling. We would agree with plaintiff's complaint that the lower court went astray in its discussion of the issue as an attempted extension of no-fault insurance or of liability for an ultrahazardous activity, as such discussion was not of any relevance to the very narrow issue involved, namely: Did the strict liability of Section 402A apply to a silo constructed in place on the employer's premises.

However, though the lower court did, in its reasoning, go far afield, it eventually reached the correct result, as a study of the language of Section 402A reveals, that section applies only to "One who sells any product in a defective condition." A silo constructed in place on the employer's land is not a sale of a "product". We find the section inapplicable by virtue of its very clear language and find no need to resort to any extended reasoning to support our determination that a building so constructed on the site is not a product within the intent and meaning of Section 402A.

It can be noted that the inability to proceed under Section 402A will not materially affect the plaintiff's right of recovery in this case. In the event that defendant proves what he contends, that there is no defective condition in the silo because a silo of necessity must be constructed oxygen-free, there would be no defective condition making Section 402A applicable. If plaintiff proves there is a defective condition in a silo constructed without ventilation, of which condition defendant knew or should have known, recovery can be supported on the basis of negligence. The fact that plaintiff in the negligence action (unlike the action based on 402A) has to prove defendant knew or should have known of the defect does not in this case impose

432

upon plaintiff any great obstacle since defendant has not disclaimed knowledge of the condition alleged to be defective but has claimed that that condition is a necessary and proper one in the proper construction of a silo.

Order affirmed.