Enoch et ux. *v.* Food Fair Stores, Inc. (et al., Appellants).

Argued September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joel Paul Fishbein,* with him *Albert L. Bricklin,* and *Bennett, Bricklin & Saltzburg,* for appellants.

*Elizabeth M. McKenna,* with her *John J. O'Brien, Jr.,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

Appellant contends that the lower court erred in granting appellee's Motion for Judgment on the Pleadings.

The plaintiffs below, C. Robert Enoch and Betty Enoch, instituted an action in trespass against Food Fair Stores, Inc., Robert L. Frazier, Philadelphia Refining and Packaging Corporation and Norman Gaffney, for injuries arising out of a motor vehicle accident on August 24, 1972. The accident occurred on the Walt Whitman Bridge, just beyond the Philadelphia toll booths on the Pennsylvania side of the bridge. Appellants, Philadelphia Refining and Packaging Corporation and Norman Gaffney, filed a complaint joining the appellee, Delaware River Port Authority, as an additional defendant. The Port Authority filed an answer to appellants' complaint. In addition, the Authority filed new matter raising the defense of sovereign immunity. The appellants failed to respond to the Authority's new matter. Thereafter, the Authority filed a Motion for Judgment on the Pleadings over the objection of the appellants which was granted by the court below on April 18, 1974.

Under Rule 1030 of the Rules of Civil Procedure, "immunity from suit" is an affirmative defense.[1] Rule

---

1 "All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, *immunity from suit,* impossibility of performance, laches, license, payment, release, res judicata and waiver, and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading 'New Matter'. A party may set forth as new matter any other material facts which are

1045(b) provides that all affirmative defenses shall be pleaded under the heading "New Matter" and that "[a] plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments. . . ." Under Rule 2255, a party joining an additional defendant is treated as a plaintiff, and the additional defendant is treated as a defendant.

The new matter filed by the Authority pursuant to Rule 1045 is as follows: "Additional defendant avers that at all times material, it was a corporate instrumentality and/or agent of the Commonwealth of Pennsylvania entitled to sovereign immunity and thus additional defendant is immune from liability and immune from suit." The lower court ruled that appellants' failure to reply resulted in an admission by appellants of everything contained in the new matter. The court, therefore, held that the Authority was immune from suit and consequently granted its motion for judgment on the pleadings.

A motion for judgment on the pleadings under Rule 1034 is in the nature of a demurrer and thus "all of the opposing party's well-pleaded allegations are viewed as true but only those *facts* specifically admitted by him may be considered against him. . . ." *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 378, 224 A. 2d 174 (1966) (emphasis added). See also, *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 259 A. 2d 687 (1969) ; *Goldman v. McShain*, 432 Pa. 61, 247 A. 2d 455 (1968). The purpose of new matter pleading is "to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial." *Chivers v. School District of Mt. Lebanon*, 6 Commonwealth Ct. 622, 297 A. 2d 187 (1972), quoting Goodrich-Amram, Standard Penn-

---

not merely denials of the averments of the preceding pleading." Rule 1030, Pa. R.C.P. (emphasis added).

sylvania Practice (1972 Supplement), §1030-1 at 308. Thus, although a plaintiff is required to respond to averments which set forth the factual basis in support of an affirmative defense, a plaintiff is not compelled to answer conclusions of law. In fact, a trial judge errs if he considers asserted conclusions of law, or accepts them as admitted when passing on a motion for judgment on the pleadings. *Aughenbaugh v. North American Refractories Co.*, 426 Pa. 211, 231 A. 2d 173 (1967).

In the present case, the new matter does no more than assert that the Authority cannot be sued because it is entitled to sovereign immunity. This is a legal conclusion containing no factual averments which require a denial by appellants. Thus, the lower court incorrectly concluded that the appellants "admitted" the immunity of the Authority.

Although not briefed by the Authority, it is apparent that it seeks a judgment on the pleadings because the appellants failed to state a claim upon which relief can be granted. This is a permissible basis for awarding a judgment on the pleadings. See Rule 1032, Pa. R.C.P. In its opinion, the lower court decided the substantive issue of the Authority's entitlement to sovereign immunity. Decisions of our Supreme Court compelled the trial judge to hold the Authority immune as a matter of law. *Thomas v. Baird*, 433 Pa. 482, 252 A. 2d 653 (1969); *Anderson Appeal*, 408 Pa. 179, 182 A. 2d 514 (1962); *Rader v. Pennsylvania Turnpike Commission*, 407 Pa. 609, 182 A. 2d 199 (1962). Thus, the court below determined that a trial on the merits would be futile. On this basis, the judgment on the pleadings was properly granted.

The order of the court below is affirmed.

WATKINS, P. J., dissents.