455 A.2d 714

**James BOWMAN, Appellant,**

**v.**

**Frank A. MATTEI, M.D., St. Luke's and Children's Medical Center, Charles Sovetsky, D.O., Isadore J. Wessell, M.D., and Harry Wexlar, M.D.**

Superior Court of Pennsylvania.

Argued May 25, 1982.

Filed Jan. 28, 1983.

Stephen M. Feldman, Philadelphia, for appellant.

John J. O'Brien, Jr., Philadelphia, for appellees.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

Does a failure to file a reply constitute the admission of an averment contained in new matter that the cause of action alleged in the complaint "is barred by the ... statute of limitations?"  The trial court held that a failure to file a reply was such an admission and summarily dismissed an

action for personal injuries which, in fact, had been commenced within two years of the injury. We reverse.

The complaint contains averments that James Bowman was admitted to St. Luke's and Children's Medical Center, a general hospital, on July, 14, 1972. There he came under the care of Dr. Frank A. Mattei, an orthopedic surgeon. As a result of negligently administered medical care, according to the complaint, he sustained injuries to "nerves, muscles, tendons, ligaments and bones."

An action in trespass was commenced on July 11, 1974 by filing a praecipe for issuance of a summons. The summons was promptly issued but not delivered to the sheriff for service. It was reissued on October 4, 1974 and was thereafter served on the named defendants. On November 8, 1974, St. Luke's ruled Bowman to file a complaint, and in due course the same was filed. Thereafter, St. Luke's and Dr. Mattei filed separate answers containing new matter asserting that Bowman's claim was barred by the applicable two year statute of limitations.[1] It was not until December 12, 1980 that Bowman filed a reply to this new matter. Because of the lateness of this filing, motions to strike the reply were filed and granted. In this posture, the case proceeded to trial.[2] At the close of Bowman's case, an oral motion for summary judgment was granted on grounds that the failure to file a reply to new matter constituted an admission that the action was barred by the statute of limitations.

Pa.R.C.P. 1045(b) requires that the affirmative defense of the statute of limitations, unless previously raised by demurrer and sustained, be pleaded as "New Matter." The rule, by 1962 amendment, provides further:

"A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such

---

1. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34, now repealed. For present statute see 42 Pa.C.S.A. § 5524.

2. On April 11, 1977, Bowman filed a second action for the same injuries against Dr. Dominic F. Nappi and St. Luke's and Children's Medical Center. It was consolidated with the earlier action for trial.

averments other than averments relating to contributory negligence or assumption of risk."

■ This rule, however, must be interpreted in the light of Pa.R.C.P. 1029(a), which provides:

"(a) *A responsive pleading shall admit or deny the averments of fact* in the preceding pleading or part thereof to which it is responsive." (emphasis added).

Under the fact pleading system which exists in Pennsylvania, the general rule is that only averments of fact require a denial. Goodrich-Amram 2d § 1029(a). See also: *Kappe Associates, Inc. v. Aetna Casualty & Surety Co.*, 234 Pa.Super. 627, 341 A.2d 516 (1975).

■ In *Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463 (1972), the Supreme Court expressly declined to pass on the effect of a failure to reply to an allegation in new matter which contained only a legal conclusion that the claim was barred by the statute of frauds. *Id.*, 447 Pa. at 139 n. 5, 289 A.2d at 468 n. 5. However, in *Bureau for Child Care v. The United Fund of the Philadelphia Area*, 416 Pa. 617, 207 A.2d 847 (1965), where a defendant had pleaded as new matter the conclusion that defendant was justified in terminating an agreement without averring facts to support such a conclusion, the Supreme Court held that a failure to file a reply did not constitute an admission that the defendant's termination was legally justified. "It is axiomatic," said the Court, "that new matter must state facts, not conclusions." *Id.*, 416 Pa. at 622, 207 A.2d at 850. See also: *Aughenbaugh v. North American Refractories Co.*, 426 Pa. 211, 213, 231 A.2d 173, 175 (1967).

Moreover, in *Enoch v. Food Fair Stores, Inc.*, 232 Pa.Super. 1, 331 A.2d 912 (1974), this Court held that new matter alleging the legal conclusion of sovereign immunity required no denial. The Court said:

"The purpose of new matter pleading is 'to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial.'... Thus, although a plaintiff is required to respond to averments which set forth the factual basis in support

of an affirmative defense, a plaintiff is not compelled to answer conclusions of law. In fact, a trial judge errs if he considers asserted conclusions of law, or accepts them as admitted when passing on a motion for judgment on the pleadings." (citations omitted).

*Id.*, 232 Pa.Super. at 4–5, 331 A.2d at 914 quoting *Chivers v. School District of Mt. Lebanon,* 6 Pa.Cmwlth. 622, 297 A.2d 187 (1972). See also: *Yancoskie v. Delaware River Port Authority,* 478 Pa. 396, 398 n. 1, 387 A.2d 41, 42 n. 1 (1978). Finally, in *Watson v. Green,* 231 Pa.Super. 115, 331 A.2d 790 (1974), where a defendant had averred in new matter that the dead man's rule precluded any possibility of recovery, this Court held that defendant's averment was a conclusion of law requiring no responsive pleading.

The decision in *Louis v. Clark,* 227 Pa.Super. 547, 323 A.2d 298 (1974), upon which appellees rely, did not reach a contrary result. It held merely, as commanded by the 1962 amendment to Pa.R.C.P. 1045(b), that a reply was necessary to new matter alleging a statute of limitations defense if adequately pleaded in an answer endorsed with notice to plead. It did not hold that the failure to file a reply constituted an admission of the legal conclusion that the action was barred by the statute of limitations.

The facts in the instant case are that appellant was admitted to the hospital on July 14, 1972 and that the treatment about which he complains occurred thereafter. His action against the hospital and Dr. Mattei was commenced by summons on July 11, 1974, less than two years thereafter. This was within the two year period allowed by the statute of limitations.

Appellee argues that the failure to deliver the summons to the sheriff nullified the commencement of the action. This argument is based on the holding in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). The holding in that case, however, was prospective only. *Id.,* 469 Pa. at 478, 366 A.2d at 889. See also: *Sayne v. Wylie,* 296 Pa.Super. 134, 139 n. 2, 442 A.2d 694, 697 n. 2 (1981). It does not have

application where, as here, the relevant circumstances occurred prior to October 4, 1974.[3]

Pa.R.C.P. 1007 is clear that an action may be commenced "by filing with the prothonotary a praecipe for a writ of summons." Thus, the filing of the praecipe on July 11, 1974 was sufficient to toll the running of the statute of limitations in the instant case. Although it was not served within thirty days thereafter, Pa.R.C.P. 1010 permitted the writ to be reissued at any time within a new two year period. This was done on October 4, 1974. The writ was served promptly thereafter. Under these circumstances, appellant's action was not barred by the two year statute of limitations applicable to actions for personal injuries.

Reversed and remanded for further proceedings. Jurisdiction is not retained.

BECK, J., concurs in the result.

**3.** The prior decision of the Supreme Court in *Peterson v. Philadelphia Suburban Transportation Co.,* 435 Pa. 232, 255 A.2d 577 (1969) was limited to its own facts and thus distinguished by a majority of the Court in *Lamp v. Heyman, supra.* It does not compel a holding that the summons issued in the instant case on July 11, 1974 was a nullity for purposes of tolling the statute of limitations.