**Burrows v. Jones**

*Peter G. Rossi,* for plaintiffs.

*Richard A. Gray* and *Susan B. Caravaggio,* for defendants Jack S. Jones.

*Howard Rothenberg,* for defendant/third-party plaintiff Simplex Industries Inc.

BROWN, *P.J.,* November 18, 1992—

FACTS AND PROCEDURAL HISTORY

This matter is before the court on motions for judgment on the pleadings filed by defendant Jones and defendant/third-party plaintiff Simplex Industries Inc. Accepting as true the allegations of plaintiffs, the non-moving parties, as the court is required to do in considering motions for judgment on the pleadings, *Matthew-Landis Co. v. Housing Authority,* 240 Pa. Super. 541, 361 A.2d 742 (1976), the following facts may be stated. On January 25, 1987, a fire damaged plaintiffs' home in Mill Hall, Clinton County, as well as plaintiffs' personal property. The home was a prefabricated modular residence designed by defendant Simplex and constructed by defendant Jones. It had a pre-existing frame for a fireplace, and a fireplace was installed and built therein by either defendant Jones or defendant Guerriero.[1] The apparent cause of the fire was pyrolysis[2] in portions of the fireplace and home.

---

1. The court has been advised that the other parties to this case have basically agreed that defendant Guerriero should be dismissed as a party. However, until a written stipulation to this effect is filed with the court, the court will consider defendant Guerriero a party to this action. See Pa.R.C.P. 229(b).

2. Pyrolysis is defined as "chemical change caused by heat." *American Heritage Dictionary of the English Language,* 1064 (1969).

This litigation was initiated on August 5, 1988, by writ of summons. Plaintiff filed a complaint against defendant Jones on August 29, 1988. Defendant Jones filed preliminary objections thereto on September 26, 1988. On November 7, 1988, plaintiffs filed an amended complaint against defendants Jones, Simplex and Guerriero. The amended complaint alleged causes of action in negligence and strict products liability against each defendant. Defendant Jones filed an answer and new matter to the amended complaint on November 17, 1988; plaintiffs filed their reply to the new matter on November 29, 1988. On May 30, 1989, defendant Simplex filed a third-party complaint against U.S. Testing Co. Inc.[3] Defendant Simplex filed an answer and new matter to plaintiffs' amended complaint on December 5, 1989, and plaintiffs filed their reply to the new matter on December 11, 1989. Defendant Jones and Simplex then filed motions for judgment on the pleadings along with briefs therefor; the former's motion and brief were filed on March 9, 1990 and the latter's were filed on May 14, 1990. Each of these motions seeks judgment for the moving defendant with regard to the particular count of plaintiffs' amended complaint that alleges a cause of action in strict products liability against him/it.[4] Plaintiffs filed a brief in opposition to these motions on June 22, 1990, and defendant Jones

---

3. Counsel for plaintiffs, defendant Jones, defendant Simplex and U.S. Testing Co. Inc. have agreed in writing to have defendant Simplex's third-party claim against U.S. Testing Co. Inc. discontinued. However, defendant Guerriero was not a party to this agreement. Therefore, until his written consent to the stipulation is filed with the court, the court will not consider defendant Simplex's third-party claim against U.S. Testing Co. Inc. dismissed. See Pa.R.C.P. 229(b).

4. Count II of the amended complaint alleges a claim of strict products liability against defendant Jones while Count IV of the amended complaint alleges this claim against defendant Simplex.

filed a reply brief on July 3, 1990. For the following reasons, the court will grant defendants' motions.

## DISCUSSION

A motion for judgment on the pleadings will be granted by a court when "there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Kosor v. Harleysville Mut. Insurance Co.,* 407 Pa. Super. 68, 71, 595 A.2d 128, 129 (1991); see also Pa.R.C.P. 1034. Furthermore, in passing upon a motion for judgment on the pleadings, a court must "confine its consideration to the pleadings and relevant documents." *Kosor,* 407 Pa. Super. at 71, 595 A.2d at 129. Moreover, the failure of a party "to state a claim upon which relief can be granted ... is a permissible basis for awarding a judgment on the pleadings." *Enoch v. Food Fair Stores Inc.,* 232 Pa. Super. 1, 5, 331 A.2d 912, 914 (1974).

In the instant case, the gravamen of defendants' motions for judgment on the pleadings is that plaintiffs' home and fireplace are not, for purposes of strict products liability, products. Therefore, defendants argue, Counts II and IV of plaintiffs' amended complaint do not state valid causes of action.

Pennsylvania has adopted section 402A of the Restatement of Torts (Second)[5] as its law on strict products liability, *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966),

---

5. Restatement of Torts (Second) §402A (1965) provides: "§402A. *Special Liability of Seller of Product for Physical Harm to User or Consumer.*

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if:

and Counts II and IV of plaintiffs' amended complaint are predicated upon section 402A.

However, a product is one of the required elements of a section 402A cause of action. If no product exists, "section 402A has no applicability." *Schriner v. PP&L,* 348 Pa. Super. 177, 185, 501 A.2d 1128, 1132 (1985). Under Pennsylvania law, buildings constructed on site are not considered products for section 402A purposes. *Cox v. Shaffer,* 223 Pa. Super. 429, 302 A.2d 456 (1973). In the present case, plaintiffs' house, albeit a prefabricated structure, was a building constructed on site.[6] Therefore, it is not a product for section 402A purposes.

Plaintiffs, nevertheless, argue that the *Cox* rationale has been altered by *Freezer Storage Inc. v. Armstrong Cork Co.,* 476 Pa. 270, 382 A.2d 715 (1978), and *Lupinski v. Heritage Homes Ltd.,* 369 Pa. Super. 488, 535 A.2d 656 (1988). A close look at these two cases, though, reveals otherwise.

In *Freezer Storage,* the Pennsylvania Supreme Court suggested that builders "perhaps" might be liable for "con-

"(a) the seller is engaged in the business of selling such a product; and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in subsection (1) applies although:

"(a) the seller has exercised all possible care in the preparation and sale of his product; and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

6. The term "constructed" is susceptible of many interpretations, including "buil[t]; erect[ed]; put together [and/or] ma[d]e ready for use." *Black's Law Dictionary* 386 (4th ed. 1968). Even if plaintiffs' house was not actually "built" on their land, it was certainly "erected," "put together" or "made ready for use" there. See plaintiffs' brief in opposition to defendants' motions for judgment on the pleadings at 5.

struction defects" under "strict liability in tort," basing this idea on a comparison of section 402A with section 385 of the Restatement of Torts (Second). *Freezer Storage,* 476 Pa. at 276, 382 A.2d at 718, n.3. However, what the Supreme Court would appear to merely be saying is that since strict liability may be applied in situations involving defective *products* under section 402A, this doctrine might likewise be applied to defective *buildings* under *section 385.* Section 385, though, only deals with liability for *physical harm* caused by "dangerous" structures, Restatement of Torts (Second) §385 (1965). In the instant case, plaintiffs suffered no physical harm as a result of the fire. Moreover, in any case, Counts II and IV of the amended complaint are based on section 402A, not section 385.

In *Lupinski,* the Pennsylvania Superior Court almost ten years after *Freezer Storage* declared that "we need not decide that question [i.e. whether a building is a product under section 402A]." *Lupinski,* 369 Pa. Super. at 493, 535 A.2d at 658, n.3. Thus, the Superior Court besides choosing not to take issue with *Cox* implied that the question of whether a building may be considered a product under section 402A had not been revisited by the Supreme Court in *Freezer Storage.*[7] Hence, *Cox* appears to still be controlling on the issue. It should be noted here that defendant Jones is correct in stating that the case of *Bednarski v. Hideout Homes & Realty Inc.,* 711 F. Supp. 823 (M.D. Pa. 1989), on which plaintiffs place great weight but which is dubious authority at best

---

7. If *Freezer Storage* had taken up this question, there would have been no reason for the Superior Court to insinuate in *Lupinski* that it felt the need to decide or not decide the question. Moreover, *Lupinski* does not even cite *Freezer Storage,* which presumably it would have done had the latter case revisited the result reached in *Cox.*

for the proposition that the Pennsylvania Supreme Court may one day hold that builders are liable under section 402A, is not binding on the court.

As to the character of the fireplace, defendants claim it is a fixture and thus was part of the realty (i.e. plaintiffs' house) and was not a product for section 402A purposes. Plaintiffs counter by stating that "[t]here is ... nothing that says a fixture cannot be a product." Plaintiffs' brief in opposition to defendants' motions for judgment on the pleadings at 7. However, there is in fact authority that undermines plaintiffs' position and suggests that improvements to realty cannot be considered products under section 402A. *McCormick v. Columbus Conveyer Co.,* 522 Pa. 520, 564 A.2d 907 (1989). Since it apparently is not disputed that the fireplace is a fixture[8] and since "a fixture is, by definition, an improvement to real property." *Noll v. Paddock Pool Builders Inc.,* 416 Pa. Super. 284, 292, 611 A.2d 219, 223 (1992), the fireplace is an improvement to realty. As such, then, it is not a product for section 402A purposes.

In sum, then, plaintiffs have alleged section 402A strict products liability causes of action in Counts II and IV of their amended complaint but have alleged that the condition of a house and/or fireplace caused their complained-of harm. Plaintiffs have argued that whether the house and/or fireplace are products is a factual question, thus precluding judgments on the pleadings for defendants Jones and Simplex. However, Pennsylvania law clearly indicates that fireplaces and homes constructed on site are not products. Consequently no factual questions exist, and since the existence of products must be shown in order for a section 402A strict products liability cause

---

8. See plaintiffs' brief in opposition to defendants' motions for judgment on the pleadings at 7.

of action to be stated, plaintiffs as to Counts II and IV of their amended complaint have failed to state valid causes of action. Accordingly, defendants' motions for judgment on the pleadings must be granted.

## ORDER

And now, November 18, 1992, based upon the foregoing opinion, it is hereby ordered that defendants' motions for judgment on the pleadings are granted. It is further ordered that Counts II and IV of plaintiffs' amended complaint are dismissed with prejudice.