J-A23044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANGEL N. FARMERIE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN B. KRAMER, ERA LECHNER & ASSOCIATES, INC., DOROTHY HARRISON, NORTH PITTSBURGH REALTY, LP, T/D/B/A KELLER WILLIAMS REALTY, FELIX J. KRYNICKY, & METRO SETTLEMENT SERVICES, INC. | |
| Appellees | No. 2071 WDA 2014 |

Appeal from the Judgment Entered December 18, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 3527-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 27, 2015**

Appellant, Angel N. Farmerie, appeals from the judgment entered in the Westmoreland County Court of Common Pleas in favor of Appellees, John B. Kramer, ERA Lechner & Associates, Inc., Dorothy Harrison, North Pittsburgh Realty, LP, t/d/b/a/ Keller Williams Realty, Felix J. Krynicky, and Metro Settlement Services, Inc.  We affirm.

The relevant facts and procedural history of this case are as follows. On April 17, 2011, Appellant entered into an agreement of sale ("Agreement No. 1") to purchase real property from Appellee Kramer for $269,000.00. Appellant employed Appellee Keller Williams Realty as her realtor, and

Appellee Krynicky was Appellant's real estate agent for the sale. Appellee Kramer employed Appellee ERA Lechner as his realtor, and Appellee Harrison was Appellee Kramer's real estate agent for the sale. Agreement No. 1 contained a mortgage contingency clause, in which Appellant had to obtain a mortgage by May 19, 2011. Appellant was unable to obtain a mortgage by May 19, 2011, and the parties subsequently executed a release from Agreement No. 1 on June 20, 2011.

Appellant and Appellee Kramer agreed to reduce the purchase price to $266,000.00 and entered into a second agreement of sale ("Agreement No. 2") on June 20, 2011, which contained a modified mortgage contingency clause requiring Appellant to obtain a mortgage by July 1, 2011. Agreement No. 2 also provided that Appellee Kramer would accept a one-year Installment Land Contract ("ILC") in the event Appellant was unable to obtain a mortgage by the July 1, 2011 deadline. Appellant was unable to obtain a mortgage by the July 1, 2011 deadline. Appellee Metro then prepared the ILC for Appellant and Appellee Kramer. On July 14, 2011, Appellant and Appellee Kramer executed the ILC and closed on the ILC on July 18, 2011. Appellant subsequently moved into the property with her children.

The ILC required Appellant to make monthly "hand money" payments to Appellee Kramer in the amount of $1,668.01, with a balloon payment due at the end of the one-year contract. Appellant made the required monthly

payments to Appellee Kramer from August 2011 until August 2013[1] as well as various other payments on the purchase price of the house. Appellant also claimed she expended $19,089.00 to repair the septic system on the property after experiencing problems with it from August 2011 to September 2011. From July 2011 through February 2013, Appellant tried to obtain a mortgage from both Gateway and Dollar Bank to cover the impending balloon payment under the ILC, but both lenders denied Appellant's application for a mortgage. After Dollar Bank's denial of her mortgage application in February 2013, Appellant notified Appellee Kramer by letter dated April 29, 2013, that she was invoking the mortgage contingency clause of Agreement No. 2. Appellant told Appellee Kramer she would return the property to him, and Appellant requested the return of all money paid under the ILC and all expenses incurred to repair the property. Appellee Kramer responded by letter dated May 31, 2013, which stated he would like to resolve the matter; but he would not be returning any money to her. Appellant vacated the property in July 2013.

On July 3, 2013, Appellant filed a complaint against Appellees. Appellant directed Count I at Appellee Kramer, seeking the termination of the ILC and the recovery of $65,024.43 in "hand money" paid to Appellee

_____

[1] While the ILC was originally a one-year contract set to end in July 2012, Appellant and Appellee Kramer agreed to extend the contract multiple times in order for Appellant to obtain a mortgage; thus, she paid "hand money" to Appellee Kramer under the ILC for more than one year.

Kramer under the ILC. Appellant directed Count II at Appellee Kramer, claiming the monthly payments under the ILC were excessive and sought the return of $28,197.03 in payments made under the ILC as well as $29,299.59 paid in interest under the ILC, $19,089.00 paid to repair the septic system, and $6,208.44 in real estate taxes. Appellant directed Count III at Appellee Metro, claiming Appellee Metro negligently prepared the ILC. Appellant directed Count IV at Appellee ERA Lechner and Appellee Harrison, seeking the return of commission paid in the amount of $1,828.75. Appellant directed Count V at Appellee Keller Williams Realty and Appellee Krynicky, seeking the return of commission paid in the amount of $1,828.75. Appellant directed Count VI at all Appellees, claiming all Appellees violated the Unfair Trade Practice and Consumer Protection Law ("UTPCPL")[2] by encouraging her to enter into the ILC, even though Agreement No. 2 and the ILC were deceiving.

After Appellees filed various preliminary objections and answers, Appellant amended her complaint on September 24, 2013. Appellee ERA Lechner and Appellee Harrison filed preliminary objections in the nature of a *demurrer* to Appellant's amended complaint on October 10, 2013. On October 18, 2013, Appellee Keller Williams Realty and Appellee Krynicky filed an answer to Appellant's amended complaint. On October 23, 2013,

---

[2] 73 P.S. § 201-2(4)(xxi).

Appellee Metro filed preliminary objections in the nature of a *demurrer* to Appellant's amended complaint, and Appellee Kramer filed an answer and counterclaim to Appellant's amended complaint on November 14, 2013. On April 2, 2014, the court held oral argument on Appellee Metro's preliminary objections in the nature of a *demurrer* as to Count III and Count VI of Appellant's amended complaint. On April 23, 2014, the court overruled Appellee Metro's preliminary objection as to Count III, accepting that Count III constituted a negligence claim against Appellee Metro. As to Count VI, the court sustained Appellee Metro's preliminary objection and dismissed the UTPCPL claim against Appellee Metro. Appellee Metro filed an answer to Appellant's amended complaint on May 9, 2014.

On July 25, 2014, Appellee Keller Williams Realty and Appellee Krynicky filed a motion for judgment on the pleadings. Appellee Kramer then filed a motion for judgment on the pleadings on August 25, 2014. On October 22, 2014, the court held a hearing on the pending motions for judgment on the pleadings and Appellee ERA Lechner's and Appellee Harrison's preliminary objections in the nature of a *demurrer*. By order dated November 21, 2014, the court entered judgment on the pleadings in favor of all Appellees and dismissed Appellant's complaint with prejudice.

On December 18, 2014, Appellee Metro filed a *praecipe* for the court to enter the November 21, 2014 order as a final judgment in favor of Appellees, which the court did that day. Appellant filed a motion for

reconsideration on December 19, 2014, asking the court to vacate its November 21, 2014 order and allow her to amend her complaint to raise claims of latent and patent ambiguities in Agreement No. 2 and the ILC. The court denied the motion the same day, and Appellant immediately filed a timely notice of appeal to this Court.[3] The court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT [ERR] IN DISMISSING APPELLANT'S CAUSE OF ACTION UNDER THE UTPCPL BY EITHER FAILING TO UNDERSTAND OR IGNORING APPELLANT'S PLEADINGS WHICH ALLEGED FACTS SHOWING DECEPTIVE ACTS AND JUSTIFIABLE RELIANCE WHICH CAUSED AN ASCERTAINABLE LOSS?
>
> DID THE [TRIAL] COURT [ERR] IN SUSTAINING [APPELLEE] METRO'S PRELIMINARY OBJECTIONS DISMISSING APPELLANT'S UTPCPL CLAIM AGAINST [APPELLEE] METRO?

_____

[3] This Court hears appeals only from final orders. Pa.R.A.P. 341(a). Rule 341 defines a final order as one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). "When more than one claim for relief is presented in an action…the trial court…may enter a final order as to one or more but fewer than all of the claims…only upon an express determination that an immediate appeal would facilitate the resolution of the entire case." Pa.R.A.P. 341(c). "Such an order becomes appealable when entered." *Id.* Instantly, the trial court did not dispose of Appellee Kramer's counterclaim against Appellant in its November 21, 2014 order. Nevertheless, on January 16, 2015, Appellant filed a motion pursuant to Pa.R.A.P. 341(c), asking the court to determine that an immediate appeal would facilitate the resolution of the entire case, which the court granted. Thus, the November 21, 2014 order is an immediately reviewable order. *Id.*

DID THE [TRIAL] COURT [ERR] IN DISMISSING [APPELLEE] METRO WHEN THERE WAS NO MOTION FOR JUDGMENT ON THE PLEADINGS OR PRELIMINARY OBJECTIONS PENDING, THE AMENDED COMPLAINT CONTAINED SPECIFIC ALLEGATIONS OF NEGLIGENCE AND THE [TRIAL] COURT HAD PREVIOUSLY OVERRULED [APPELLEE] METRO'S PRELIMINARY OBJECTIONS TO COUNT III AND ACCEPTED THAT COUNT III WAS A NEGLIGENCE CLAIM AGAINST [APPELLEE] METRO?

DID THE [TRIAL] COURT [ERR] IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION TO AMEND HER COMPLAINT TO PLEAD THAT THERE IS A PATENT AMBIGUITY IN [AGREEMENT NO. 2] AND THE [ILC]?

DID THE [TRIAL] COURT [ERR] IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION TO AMEND HER COMPLAINT TO PLEAD THAT THERE ARE LATENT AMBIGUITIES IN [AGREEMENT NO. 2] AND THE [ILC]?

DID THE [TRIAL] COURT [ERR] IN FINDING THAT [APPELLEE KELLER WILLIAMS REALTY] AND [APPELLEE KRYNICKY] WERE TWO OF THE THREE "MAIN DEFENDANTS" WHEN IN FACT THEY WERE THE "ANCILLARY DEFENDANTS"?

(Appellant's Brief at 4).[4]

Our standard of review when considering the grant of a motion for judgment on the pleadings is as follows:

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings. A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

---

[4] We have reordered Appellant's issues.

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Southwestern Energy Production Co. v. Forest Resources, LLC*, 83 A.3d 177, 185 (Pa.Super. 2013), *appeal denied*, 626 Pa. 691, 96 A.3d 1029 (2014) (internal citations and quotation marks omitted).

To prevail in a negligence action, "[a] plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Merlini ex rel. Merlini v. Gallitzin Water Authority*, 602 Pa. 346, 354, 980 A.2d 502, 506 (2009). Significantly:

It is beyond question that the mere existence of negligence and the occurrence of injury are insufficient to impose liability upon anyone as there remains to be proved the link of causation. Furthermore, [the Pennsylvania Supreme Court] has stated that…even when it is established that the defendant breached some duty of care owed to the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct, and it must be shown to have been the…cause of plaintiff's injury.

*Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa.Super.

2005), *appeal denied*, 587 Pa. 731, 901 A.2d 499 (2006) (internal citations and quotation marks omitted). "In order to establish causation, the plaintiff must prove that the breach was both the proximate and actual cause of the injury." ***Id.*** at 1287.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anthony G. Marsili, we conclude Appellant's first, second, and third issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Opinion in Support of Order Granting Judgment on the Pleadings, filed November 21, 2014, at 3-8) (finding: **(issue 1 & issue 2)** Appellant established her confusion, but she failed to plead justifiable reliance or causation to support UTPCPL claim against any Appellee; court recognized confusion is small part of UTPCPL claim but noted that Appellant did not identify particular deceptive acts each Appellee engaged in which caused Appellant's confusion; instead, Appellant made only general allegations of deceptive conduct; Appellant argued deceptive conduct need only cause "likelihood of confusion," but Appellant still failed to establish any instances of deceptive conduct by Appellees; Appellant points only to differing clauses in Agreement No. 2 and ILC, drafted at request of Appellees, to show Appellees engaged in deceptive conduct; Appellant's assertion that her confusion was product of Appellees' role in drafting Agreement No. 2 and ILC is insufficient to establish deceptive

conduct; Appellant also admitted both Agreement No. 2 and ILC were entered into for her own benefit, and Appellant failed to set forth how proper understanding of Agreement No. 2's and ILC's actual terms would have changed her conduct; based on review of pleadings, court concluded each Appellee had shown Appellant failed to plead any facts to establish deceptive conduct; thus, judgment on pleadings was appropriate, and trial court did not err in dismissing Appellant's UTPCPL claim as to all Appellees; **(issue 3)** to extent Appellant pled negligence claim against Appellee Metro, Appellant failed to plead required elements to establish that cause of action, especially causation; because each Appellee, including Appellee Metro, showed that Appellant failed to plead facts establishing deceptive conduct or basic elements of negligence, trial exclusively on Count III of Appellant's amended complaint would be fruitless exercise; thus, judgment on pleadings was also appropriate as to Appellant's negligence claim against Appellee Metro). With respect to Appellant's first, second, and third issues, we affirm on the basis of the trial court's opinion.

Moreover, regarding Appellant's fourth and fifth issues on appeal, we observe: "[i]ssues not raised before the trial court are not preserved for appeal and may not be presented for the first time on appeal." ***Rabatin v. Allied Glove Corp.***, 24 A.3d 388, 391 (Pa.Super. 2011); Pa.R.A.P. 302(a). Additionally, "[d]enial of [a motion for] reconsideration is not subject to appellate review." ***Erie Ins. Exchange v. Larrimore***, 987 A.2d 732, 743

(Pa.Super. 2009).  Further, issues raised for the first time in a motion for reconsideration are beyond the jurisdiction of this Court and may not be considered by this Court on appeal.  ***See Rabatin, supra*** at 391.  ***See also Prince George Center, Inc. v. United States Gypsum Co.***, 704 A.2d 141, 145 (Pa.Super. 1997), *appeal denied*, 557 Pa. 640, 732 A.2d 1210 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 37 (1999) (indicating this Court does not have jurisdiction over either trial court's denial of motion for reconsideration or issues initially raised in motion for reconsideration).

Regarding Appellant's sixth issue on appeal, Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides:

**Rule 2119.  Argument**

**(a) General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Additionally, Rule 2101 states:

**Rule 2101.  Conformance with Requirements**

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.  Importantly:

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013).

Instantly, with respect to Appellant's fourth and fifth issues, the trial court's denial of Appellant's motion for reconsideration is not subject to appellate review. *See Erie Ins. Exchange, supra*. Additionally, Appellant failed to raise her patent and latent ambiguity claims prior to filing her motion for reconsideration on December 19, 2014. Thus, Appellant's patent and latent ambiguity claims are also beyond the scope of our review. Therefore, Appellant's fourth and fifth issues on appeal are waived. *See Rabatin, supra*; Pa.R.A.P. 302(a).

As to Appellant's sixth issue, Appellant's entire argument consists of one paragraph and cites no legal authority to support her claim that the trial court misclassified certain Appellees in the case. Appellant's severely undeveloped argument section and lack of citation to pertinent authorities constitutes waiver of her sixth issue for purposes of this appeal. *See In re Estate of Whitley, supra*; Pa.R.A.P. 2101; 2119(a). Accordingly, we affirm.

Judgment affirmed.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/27/2015

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION - LAW

|  |  |  |
|---|---|---|
| ANGEL N. FARMERIE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3527 of 2013 |
| | ) | |
| JOHN B. KRAMER, ERA LECHNER | ) | |
| & ASSOCIATES, INC., DOROTHY HARRISON, | ) | |
| NORTH PITTSBURGH REALTY, LP, t/d/b/a | ) | |
| KELLER WILLIAMS REALTY, FELIX J. | ) | |
| KRYNICKY, METRO SETTLEMENT | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER OF COURT

AND NOW, to wit, this 29th day of December, 2014, with it appearing to the Court that a

Notice of Appeal has been filed in the above-captioned matter at 2071 WDA 2014 by Appellant,

Angel N. Farmerie; it is hereby noted that the reasons for the Order of Court dated November 21,

2014 were set forth at length in said Order of Court. This Order is being entered to comply with

Pennsylvania Rule of Appellate Procedure 1925(a).

BY THE COURT:

Anthony G. Marsili, Judge

ATTEST:

Prothonotary

cc: David L. Robinson, Esquire
William C. Stillwagon, Esquire
James L. Goldsmith, Esquire
Nichole E. Humes, Esquire
David B. White, Esquire
Carolyn B. McGee, Esquire
Daniel B. McLane, Esquire

1

58

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION

ANGEL N. FARMERIE                                  )
                                                   )
                        Plaintiff,                 )
                                                   )
            vs.                                    )    No. 3527 of 2013
                                                   )
JOHN B. KRAMER, ERA LECHNER                        )
& ASSOCIATES, INC., DOROTHY HARRISON,              )
NORTH PITTSBURGH REALTY, LP, t/d/b/a               )
KELLER WILLIAMS REALTY, FELIX J.                   )
KRYNICKY, METRO SETTLEMENT                         )
SERVICES, INC.                                     )
                                                   )
                        Defendants.                )
                                                   )
                                                   )
                                                   )

**OPINION**

BY THE COURT:

The Court held Oral Argument on October 22, 2014 regarding Defendants North

Pittsburgh Realty, LP t/d/b/a Keller Williams Realty ("Keller Williams Realty"), Felix J.

Krynicky and John B. Kramer's Motions for Judgment on the Pleadings, as well as Defendants

ERA Lechner and Associates, Inc. ("ERA Lechner"), and Dorothy Harrison's preliminary

objections to Plaintiff's Amended Complaint. All parties had counsel present at said Oral

Argument. Upon consideration of *Defendants North Pittsburgh Realty, LP t/d/b/a Keller*

*Williams Realty and Felix J. Krynicky's Motion for Judgment on the Pleadings and Brief in*

*Support Thereof*, as well as Defendant *John B Kramer's Motion for Judgment on the Pleadings*

*and Brief in Support Thereof*; and, upon consideration of *Plaintiff's Brief in Opposition to*



*Defendant Kramer's Motion for Judgment on the Pleadings*, as well as *Plaintiff's Brief in Opposition to Defendant Keller Williams Realty & Felix Krynicky's Motion for Judgment on the Pleadings*; and, upon consideration of *Preliminary Objections to Plaintiff's Amended Complaint* and *Brief in Support Thereof*, as filed by ERA Lechner and Dorothy Harrison, as well as Plaintiff's *Brief in Opposition to Preliminary Objections of Defendants ERA Lechner and Associates, Inc., and Dorothy Harrison*; and, upon consideration of the pleadings of record and Oral Argument, the Court finds judgment on the pleadings to be appropriate, and finds in favor of the Defendants and against the Plaintiff for the reasons that follow.

This matter involves Plaintiff's purchase of certain real estate located at 235 Stone Church Road, Township of Hempfield, County of Westmoreland and Commonwealth of Pennsylvania, which was originally owned by John B. Kramer, and listed for sale with ERA Lechner by employee Dorothy Harrison. Plaintiff's licensed broker was Felix Krynicky, employed by Keller Williams Realty. During the purchasing process, two Agreements of Sale were presented to the Plaintiff. The first, entered into on April 17, 2011, contained a mortgage contingency, and the second, entered into on June 20, 2011, revised the mortgage contingency from Agreement 1 to also provide for an Installment Land Contract, in the event that a mortgage could not be obtained by Plaintiff. The Installment Land Contract ("ILC") was prepared by Metro Settlement Services, Inc. ("Metro"), and also acted as the settlement agent for the ILC closing on behalf of Defendant Kramer. Said ILC was executed on July 14, 2011, after Plaintiff was unable to obtain a mortgage for the subject property. Around the time Plaintiff was unable to obtain a mortgage, she notified Defendant Kramer that she would be invoking the mortgage contingency from Agreement 1. Plaintiff was notified by counsel for said Defendant that

2

Agreement 2 did not contain a mortgage contingency, and thus, there would be no money returned to her.

Plaintiff alleges that she was induced to execute the ILC by Defendants' deceptive conduct. Plaintiff brought suit alleging violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL) by all named Defendants, asking for damages including, but not limited to $19,089.00 to have the septic system repaired on the subject property, $6,208.44 in real estate taxes for the property, $29,299.59 in interest under the Installment Land Contract, $65,025.43 in "hand money," and $1,828.75 paid in real estate commission. Defendants Keller Williams Realty, Felix J. Krynicky and John B. Kramer filed Motions for Judgment on the Pleadings, alleging that Plaintiff has not pled any specific facts to establish deceptive conduct under the UTPCPL. Defendants ERA Lechner and Dorothy Harrison filed preliminary objections to Plaintiff's Amended Complaint in the nature of demurrers, for the same reasons stated in the motions for judgment on the pleadings.

It is well-established that a motion for judgment on the pleadings is decided on the pleadings themselves, with no affidavits or other extrinsic materials being permissible. See Emerich v. Phila. Center for Human Development, 554 Pa. 209, 720 A.2d 1032 (1998), citing Bensalem School District v. Commonwealth, 518 Pa. 581, 544 A.2d 1318 (1988). When reviewing a motion for judgment on the pleadings, the Court must accept as true all well pleaded statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts that were specifically admitted. Further, the Court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. Failure to state a claim upon which relief can be granted is a permissible basis

3

for granting judgment on the pleadings. <u>Enoch v. Food Fair Stores, Inc.</u>, 331 A.2d 912, 232 (Pa.Super. 1974). In light of this standard of review, and upon review of the pleadings in the present matter, as well as the comprehensive Oral Argument, the Court agrees with the argument of Defendants as set forth in their briefs and argument, that Plaintiff has provided no facts or evidence showing that any Defendant acted in a fraudulent or deceptive matter, causing Plaintiff to become confused, as required for recovery for a claim under the UTPCPL, 73 P.S. § 201-2(4)(xxi).

The UTPCPL's "catch-all" provision allows for recovery for violations concerning unfair practices or acts for "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi). Under this provision, plaintiffs must set forth required elements for a claim of deceptive conduct. These elements include: (1) alleging facts showing a "deceptive act;" (2) alleging "justifiable reliance, in other words 'that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the misrepresentation' or deceptive conduct;" and (3) alleging "that this justifiable reliance caused ascertainable loss." <u>Seldon v. Home Loan Services, Inc.</u>,647 F.Supp.2d 451, 470 (2009), <u>citing</u>, 73 Pa. Stat. Ann. § 201-9.1(a). In <u>Seldon</u>, the plaintiffs fell behind in making their mortgage payments and arranged an alternative payment plan. The plaintiffs alleged that the defendants deceived them about the nature of their repayment plan, and that each time they called the defendants they were passed to different departments and received conflicting information, causing them to become confused. The Court held that because the plaintiffs did not describe the actual terms of the loan and in what respect the defendants misrepresented these aspects, the plaintiffs failed to plead justifiable reliance, as they did not set forth "how their knowledge of the loan's actual terms would have changed their conduct." <u>Id</u> at

4

470-71, citing <u>Hunt v. U.S. Tobacco Co.</u>, 538 F.3d at 227. Thus, although the plaintiffs established they were confused, they did not describe actual misrepresentations or deceptive conduct to establish justifiable reliance, and the Court held that "to the extent of their UTPCPL catchall claim of deceptive conduct relies on alleged misrepresentations of the loan terms or the identity of defendants, the claim must fail." <u>Id.</u>

The present case is similar to <u>Seldon</u>, as Plaintiff has established her confusion, but failed to plead justifiable reliance or causation to support her UTPCPL "catch-all" claim. Plaintiff has established that she was confused about the agreements she signed regarding the mortgage and purchase of the subject property; however, she did not sufficiently plead or argue that any Defendant engaged in any specific deceptive practice or made any misrepresentation which caused said confusion. Rather, Plaintiff only makes general allegations that Defendants engaged in "deceptive conduct" which created the likelihood of confusion. For purposes of these motions, the Court accepts that Plaintiff was confused about the transactions surrounding the purchase of the subject real estate; however, confusion is only a small part of the UTPCPL "catch-all" provision, and Plaintiff pleads no specific facts tending to demonstrate that a deceptive act, or even a negligent act, by any Defendant caused said confusion, leading to an ascertainable loss, as required. Further, as in <u>Seldon</u>, Plaintiff has failed to set forth how knowledge of the agreement's actual terms would have changed her conduct, and admits that both agreements and the ILC were entered into for her own benefit, in order to assist her and give her the opportunity to obtain a mortgage commitment. The Court notes that several Counts against individual Defendants in Plaintiff's Amended Complaint do not explicitly state causes of action, and assuming said Counts are for negligence, Plaintiff has failed to plead the required elements, especially causation, and as a result, such Counts fail to establish any cognizable cause

5

of action. Thus, as this case is so free from doubt that a trial would clearly be a fruitless exercise, judgment on the pleadings is appropriate.

The Court is aware of Plaintiff's argument regarding the "catch-all" provision of the UTPCPL, specifically that said section applies to any person, and that their deceptive conduct need only cause the "likelihood of confusion or misunderstanding." 73 P.S.§ 201-2(4)(xxi). While the Court agrees with this interpretation of the statute and understands the definitions associated with said statute, the Court must also note, as stated above, that the statute requires deceptive conduct to be established in order to demonstrate that such confusion or misunderstanding was caused by certain acts or omissions on the part of the Defendants. That is not the case here. Plaintiff has not pled or argued any specific act or omission by any Defendant, that would establish that her confusion or misunderstanding was a result of said act or omission. Rather, Plaintiff has only pled that she became confused, and therefore, Defendants must have acted deceptively. Though Plaintiff alleges that there was deceptive conduct, she fails to specify what that deceptive conduct actually was. Plaintiff does not plead that any Defendant acted deceptively in the creation of either agreement or that any Defendant intentionally mislead the Plaintiff, but only that the two agreements contained different clauses, causing her confusion. As this reasoning does not satisfy the requirements of the statute, that fraudulent or deceptive conduct must be the cause of said confusion, Plaintiff's argument fails.

The Court notes that only three out of the six named Defendants filed motions for judgment on the pleadings. These Defendants were referred to as the "main Defendants" at Oral Argument, and include John B. Kramer, the seller of the subject property, Keller Williams Realty, the Buyer's Licensed Broker, and Felix J. Krynicky, a licensed real estate agent employed by Keller Williams Realty. The remaining Defendants, ERA Lechner, Seller's Broker,

6

Dorothy Harrison, Seller's Agent, and Metro, the Settlement Service that prepared Plaintiff's Installment Land Contract, were referred to as "ancillary Defendants." The Court also notes that ERA Lechner, and Dorothy Harrison had pending preliminary objections to Plaintiff's Amended Complaint in the nature of a demurrer for insufficient specificity, which were argued at Oral Argument. Metro was dismissed from Count VI of the Amended Complaint in a past sustained preliminary objection, and only remains a Defendant as to Count III of Plaintiff's Amended Complaint.

Accordingly, because each Defendant has shown, in one way or another, that Plaintiff has failed to plead any fact establishing deceptive conduct, or even pleading the basic elements of negligence, judgment on the pleadings is appropriate as to each Defendant. Accordingly, the Court need not rule on outstanding preliminary objections, as they are being treated as motions for judgment on the pleadings, as "a preliminary objection in the nature of a demurrer is identical to a motion for judgment on the pleadings pursuant to Rule 1034, Pa.R.C.P., and is governed by identical standards." Clouser v. Shamokin Packing Co., 361 A.2d 836, (Pa.Super. 1976). The Court further notes that although Metro does not have a pending motion, because judgment on the pleadings is granted as to the "main Defendants" and the other two "ancillary Defendants," Plaintiff cannot maintain a claim solely against Metro, as she has not sufficiently pled factual evidence or elements of negligence to support such a claim.

Based upon the foregoing, this Court enters the following Order of Court:

7

## ORDER OF COURT

AND NOW, to wit, this 21st day of November, 2014, upon careful consideration and consistent with the analysis contained in the foregoing Opinion, it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. Judgment on the Pleadings is hereby GRANTED, and judgment is entered in favor of all Defendants and against Plaintiff.

2. Accordingly, the Amended Complaint is dismissed with prejudice.

3. Further, in accord with Pa.R.C.P. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Anthony G. Marsili, Judge

ATTEST:

_____
Prothonotary

cc: David L. Robinson, Esquire
  William C. Stillwagon, Esquire
  James L. Goldsmith, Esquire
  Nichole E. Humes, Esquire
  David B. White, Esquire
  Carolyn B. McGee, Esquire
  Daniel B. McLane, Esquire

8