Irwill Knitwear Corporation *v.* Wexler et al.,
Appellants.

Argued March 21, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*Manuel A. Spigler,* with him *Mark Braverman,* and *Stassen, Kostos and Mason,* for appellants.

*Edward I. Swichar,* with him *Wexler, Weisman, Maurer & Forman,* for appellee.

OPINION BY JACOBS, J., June 21, 1974:

This case concerns the power of the prothonotary to enter a judgment for an amount admitted to be due by a defendant's pleadings under Rule 1037(b) of the Pennsylvania Rules of Civil Procedure.

Appellee sued in assumpsit for goods sold and delivered to appellants. The complaint set forth credits for certain payments and claimed a balance due of $12,-115.00. In their answer, appellants admitted they received the goods, but in their new matter claimed additional credits for payments and overcharges totaling $6,840.22. They concluded their new matter with the following paragraph: "9. The difference between the sum demanded according to plaintiff invoices and the amount properly owing by the defendants is Five Thousand Two Hundred Seventy-four Dollars Seventy-five Cents ($5,274.75) which sum defendants have at all times material herein offered to plaintiff in full settlement of their account." Upon receipt of the answer and new matter, the plaintiff directed the prothonotary to enter judgment for the admitted sum due of $5,274.75 with interest, and with leave to plaintiff to proceed for the balance of the claim in the amount of $6,840.25.

Appellants moved to strike the partial judgment, which the lower court refused to do.

In refusing to strike, the lower court found that appellants clearly and unequivocally admit in their answer and new matter that there is due and owing to appellee the sum of $5,274.75. This, the court found "after close scrutiny of Paragraph Nine (9) of defendants' Answer and New Matter." While we are inclined to agree with the lower court that appellants do admit owing $5,274.75, we, like the lower court, can only arrive at such conclusion after carefully examining and interpreting the answer and new matter. However, that was not the function of the prothonotary, whose duties are purely ministerial. *Phillips v. Evans*, 164 Pa. Superior Ct. 410, 65 A.2d 423 (1949). To support a judgment entered by the prothonotary, the admission must be plain and unconditional. *Cain v. Redlich*, 310 Pa. 68, 164 A. 794 (1933) ; *Domenick v. Connelly*, 15 Chest. 33 (1966). As was said in 1 Goodrich-Amram §1037 (b)-3 (1957) : "If there is an 'admission' claimed by the plaintiff, because the defendant's answer is inadequate, and if this will require an analysis and interpretation of the pleadings by the prothonotary, the situation is beyond the scope of Rule 1037(b)."

Paragraph 9 of the answer's new matter is far from clear. It states that the difference between the sum demanded and the amount properly owing is $5,274.75. If that were correct, the amount properly owing must be $12,115.00 minus $5,274.75 or $6,840.25. However, an examination of the answer shows that $6,840.25 is approximately what appellants assert as credits against the claim. Thus paragraph 9 alone does not clearly and exactly set forth what appellants admit to be due and the amount can be obtained only by a review and interpretation of the entire answer. Such action was beyond the power of the prothonotary.

Order reversed and judgment stricken.

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the majority opinion.

The Plaintiff-Appellee in this action sued for goods sold and delivered in the amount of $12,115. The Defendant-Appellants filed an answer denying the sale of goods and merchandise at the prices alleged, denying that the prices were fair and reasonable, and denying that the sum demanded by the Plaintiff was due and owing.

These general denials were then followed by new matter which in paragraph 9 averred as follows: "9. The difference between the sum demanded according to plaintiff invoices and the amount properly owing by the defendants is Five Thousand Two Hundred Seventy-four Dollars Seventy-five Cents ($5,274.75) which sum defendants have at all times material herein offered to plaintiff in full settlement of their account."

After service of answer and new matter, the Plaintiff directed the Prothonotary to enter judgment for it in the amount of $5,274.75, with interest, and with leave to proceed for the balance of the claim in the amount of $6,840.22. The Appellees moved to strike the partial judgment on the grounds that no definite amount was admitted to be due by the Defendants and that, in order to arrive at a sum due, the Prothonotary had to engage in interpreting the answer, which motion the lower court denied.

It appears to me that no matter how you read the Defendants' answer, particularly paragraph 9 of the new matter, it is clear and certain that the Defendants admit they owe the Plaintiff the sum of $5,274.75, that the entry of judgment in that amount requires nothing more than a ministerial act, and that the arriving at this amount due requires no interpretation of the answer.

I would sustain the entry of judgment for the amount admitted to be due and would affirm the action of the lower court.