577 A.2d 623

**Brian A. GOTWALT t/d/b/a Meghan's Place, Appellant**

v.

**Paul H. DELLINGER t/d/b/a Paul H. Dellinger Insurance Agency and Eastern Mutual Group t/d/b/a Yorktowne Mutual Insurance Company.**

Superior Court of Pennsylvania.

Argued April 4, 1990.

Filed July 6, 1990.

Andrew B. Brown, York, for appellant.

Thomas F. Meister, York, for Eastern Mut. Group, appellee.

Before CIRILLO, President Judge, and BECK and HESTER, JJ.

BECK, Judge:

In this appeal we consider for the first time whether the prothonotary possesses the authority to enter judgment

against a plaintiff, pursuant to Pennsylvania Rule of Procedure 1037, based upon the plaintiff's failure to respond to allegations raised in the defendant's "new matter".

The relevant facts are as follows. Appellant-plaintiff, Brian A. Gotwalt, t/d/b/a Meghan's Place ("Gotwalt"), alleges that he purchased a fire insurance policy from appellee-defendant, Eastern Mutual Group, t/d/b/a Yorktowne Mutual Insurance Company ("Eastern"), which provided $50,000.00 coverage for the contents and improvements of his business premises. After a fire at the premises, Gotwalt sought payment under the policy. Eastern denied liability, and on April 4, 1988, Gotwalt filed suit against Eastern and Paul H. Dellinger, t/d/b/a Paul H. Dellinger Insurance Agency,[1] asserting claims of fraudulent misrepresentation and breach of contract. Gotwalt amended the complaint on August 2, 1988, to reflect only the latter claim. Eastern responded by filing an answer and new matter on August 2, 1988. In the new matter, defendant Eastern asserted the defenses of contractual limitation, substantial breach and arson. Gotwalt failed to respond to Eastern's new matter within the two months following its filing.

Thereafter, Gotwalt's counsel and Eastern's counsel engaged in a telephone conversation, during which the possibility of an extension of time to answer the new matter was discussed. On October 7, 1988, Gotwalt's counsel sent a letter to defendant Eastern's counsel, which stated that "[a]s per our telephone conversation of October 6, 1988, I hereby request an extension of time in which to file an answer to the new matter of the defendant, Eastern Mutual Group, until October 21, 1988." Eastern never responded to this letter. Gotwalt alleges that on December 23, 1988, counsel for both parties again communicated on the telephone, during which conversation Eastern's counsel indicated that he wanted a reply from Gotwalt sometime near the end of the year.

---

1. Preliminary objections are currently pending between Gotwalt and defendant Dellinger. However, the matter in dispute only concerns Gotwalt and Eastern.

On January 5, 1989, no reply to Eastern's new matter having been filed,[2] Eastern filed a Praecipe to Enter Judgment against Gotwalt for failure to reply to Eastern's new matter. On that same day, the Prothonotary of York County entered judgment against Gotwalt. On January 13, 1989, Gotwalt filed a Motion to Strike the Judgment and Petition to Open Judgment. The trial court refused and denied Gotwalt's Motion to Strike and Petition to Open Judgment. Gotwalt appeals the order.

Gotwalt raises three issues on appeal. Since our decision on the first issue is determinative, we need not address the other issues raised by appellant. Appellant contends that the prothonotary lacked the authority to enter judgment against him pursuant to Pa.R.Civ.P. 1037. We agree.

■ At the outset, we note that where it is established that the prothonotary has entered judgment against a party beyond his authority, such action is considered void and the judgment entered by him is a nullity and lacks legal effect. *Chamberlain v. Altoona Hosp.*, 389 Pa.Super. 600, 602, 567 A.2d 1067, 1068 (1989); *Phillips v. Evans*, 164 Pa.Super. 410, 412–13, 65 A.2d 423, 424 (1949). We must now consider whether the prothonotary exceeded the authority extended to him pursuant to Pa.R.Civ.P. 1037.

■ Initially, we articulate the well-settled proposition that the prothonotary performs ministerial functions only, and is not authorized to engage in judicial functions. *Chamberlain*, 389 Pa.Super. at 602, 567 A.2d at 1068; *Irwill Knitwear Corp. v. Wexler*, 229 Pa.Super. 48, 49–51, 323 A.2d 23, 24 (1974). "The prothonotary is merely the clerk of the Court of Common Pleas. He has no judicial powers nor does he have power to act as attorney for others by virtue of his office." *Smith v. Safeguard Mut. Ins. Co.*, 212 Pa.Super. 83, 86, 239 A.2d 824, 826 (1968). Due to the prothonotary's purely ministerial status, the authority for his actions derive from either statute or rule of court. *Newsome v. Braswell*, 267 Pa.Super. 83, 86–88, 406 A.2d

---

2. Gotwalt did file a reply to Eastern's new matter on January 13, 1989.

347, 349 (1979). It is asserted that Rule 1037 authorized the prothonotary's action in the case sub judice. We now consider the text of that statute.

Pennsylvania Rule of Civil Procedure 1037 provides:

(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.

(b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint which contains a notice to defend or for any relief admitted to ˙ be due by the defendant's pleadings.

.    .    .    .    .

(c) In all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission.

By its clear and unambiguous language, *see* 1 Pa.Cons.Stat. Ann. § 1921(b) (Purdon Supp.1989), Rule 1037 empowers the prothonotary to enter judgment in favor of a party in two circumstances only. First, if, for example, after filing a writ of summons against a defendant, a plaintiff fails to file a complaint, the defendant may file a praecipe with the prothonotary asking the prothonotary to enter a rule requiring the plaintiff to file a complaint. Thereafter, if the plaintiff fails to file a complaint within twenty days after service of the rule, the prothonotary shall, upon praecipe of the defendant, enter a judgment of non pros against the plaintiff. *See, e.g., Esslinger v. Sun Ref. & Mktg. Co.*, 379 Pa.Super. 69, 549 A.2d 600 (1988) (prothonotary correctly entered judgment of non pros where plaintiff filed a praecipe for summons against various defendants, but failed to file a complaint after one of the defendants filed a Rule to File Complaint). Second, if a defendant fails to file an answer to a complaint which contains the proper notice to defend, within the requisite time period, the prothonotary

shall, upon praecipe of the plaintiff, enter judgment against the defendant.[3] *See, e.g., Reichert v. TRW, Inc. Cutting Tools Div.,* 385 Pa.Super. 416, 561 A.2d 745 (1989) (default judgment correctly entered against defendant who failed to respond within appropriate time to plaintiffs' complaint, despite fact that plaintiffs filed an amended complaint between time they sent defendant default notice and time default judgment entered).

Rule 1037 does not establish any other circumstances in which the prothonotary possesses the authority to enter judgment against a party. Absent such authorization, we find that the prothonotary acted outside the bounds of his authority in entering the judgment against the plaintiff under the circumstances of this case. *See Irwill,* 229 Pa.Super. at 49–51, 323 A.2d at 24 (prothonotary lacks authority to examine and interpret content of an answer or new matter); Goodrich–Amram 2d § 1037(c):4, p. 491 (judgment against plaintiff for failure to reply to new matter may only be entered by court, never by prothonotary); 11 Standard Pa. Practice 2d § 68:3, p. 272 (default judgment against plaintiff for failure to reply to new matter may only be entered by court); 11 Standard Pa. Practice 2d § 68:18, p. 293 (prothonotary not permitted to enter judgment against plaintiff for failure to respond to new matter); 4 Standard Pa. Practice § 115, p. 193 (Rule 1037 gives court power to enter judgment against a plaintiff for want of reply to new matter); 4 Standard Pa. Practice § 13, p. 463–64 (under Rule 1037, judgment against a plaintiff for failure to reply may only be entered by court, not prothonotary). *See also Haverford Township, School Dist. v. Herzog,* 314 Pa. 161, 171 A. 455 (1934).

We maintain that based upon a reading of the Rule and the ministerial nature of the prothonotary's duties, the action taken by the prothonotary in the instant case far exceeded the authority extended to him pursuant to Rule 1037.

3. The prothonotary must also, on praecipe of the plaintiff, enter judgment against the defendant for any relief defendant admits is due in defendant's pleadings. Pa.R.Civ.P. 1037(b).

■■■ We find further support for our holding in the language of Pennsylvania Rule of Civil Procedure 1029(d), which governs when a party must file a responsive pleading to an averment contained in a new matter or other pleading. Pennsylvania Rule of Civil Procedure 1029(d) provides that "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied." Pa.R.Civ.P. 1029(d). If a party's new matter does not contain facts supporting an affirmative defense, but rather contains merely conclusions of law, no denial is required because such averments are deemed to be denied. *Bowman v. Mattei*, 309 Pa.Super. 486, 488–90, 455 A.2d 714, 716 (1983); *Slaughter v. Gruntz*, 227 Pa.Super. 164, 165–67, 323 A.2d 152, 153 (1974). Because such averments are deemed to be denied, they are, therefore, in issue, and no judgment may be entered based upon a party's failure to respond to those averments. *Slaughter*, 227 Pa.Super. at 164, 323 A.2d at 152; *Whelan v. Mack*, 190 Pa.Super. 40, 41–43, 151 A.2d 797, 798 (1959). In evaluating whether an averment contained in a new matter requires a response, courts must consider whether the averments are fact-based or are merely conclusions of law. As a component of this analysis, courts consider complex and abstract legal principles and utilize a large degree of discretion. *See, e.g., Spain v. Vicente*, 315 Pa.Super. 135, 141–44, 461 A.2d 833, 837–38 (1983) (new matter which contained statute of limitations defense and qualified privilege for allegedly defamatory statement that was not responded to by plaintiff, required a response; summary judgment appropriate); *Watson v. Green*, 231 Pa.Super. 115, 117–19, 331 A.2d 790, 791–92 (1974) (averments in defendant's new matter did not require plaintiff to file a responsive pleading because averments were merely conclusions of law and material contained in defendant's original answer; plaintiff's failure to respond to new matter was not ground for judgment on pleadings). As a result of the complexity of these often difficult and highly technical issues, the prothonotary lacks the power to adjudicate these issues. Goodrich–Amram 2d § 1037(c):4, p.

491 (because a request to enter judgment against a plaintiff for failure to respond to new matter requires court to adjudicate whether the averments in the new matter are uncontradicted, prothonotary lacks power to enter such a judgment); 11 Standard Pa. Practice 2d § 68:3, p. 272 (prothonotary not in a position to evaluate content of new matter). *See also* 11 Standard Pa. Practice 2d § 68:18, p. 293

Because the decision as to whether a response to a new matter is required involves the evaluation of complex legal issues, Rule 1037 does not authorize the prothonotary to make those determinations. To permit the prothonotary to so act would be to permit him or her to act in a judicial, rather than in a ministerial capacity. As a result, we find that the judgment entered by the prothonotary is void and should be stricken from the record. *See Maiorana v. Farmers & Merchants Bank,* 319 Pa.Super. 338, 341–43, 466 A.2d 188, 190 (1983).

Eastern maintains, however, that the actions of the prothonotary were purely ministerial and did not involve the exercise of discretion. Eastern suggests that in entering judgment against the appellant the prothonotary merely took note of the following matters of record which were not in dispute:

1. Plaintiff's Complaint was filed on April 5, 1988.
2. The Plaintiff's loss by fire occurred on December 18, 1986.
3. The insurance contract between Plaintiff and Defendant required filing of suit within twelve months after the loss.
4. Defendant raised the limitations period as an affirmative defense.
5. Plaintiff filed no response to the affirmative defense within the time for doing so.

Appellant's Brief at p. 12.

We note that the first and second items listed by the appellee were not in dispute. However, matters three through five required an evaluation of whether these mat-

ters contained factual averments or were merely conclusions of law. Such a determination was not, as appellee characterizes, a "purely ministerial" task, but rather required the evaluation of complex legal issues outside the scope of the prothonotary's range of authority.

■ We, therefore, conclude that where a party believes that averments contained in a new matter require a response, and where the opposing party has failed to file such a response in a timely fashion, the proper method for obtaining a judgment against that party is by motion to the court. The prothonotary lacks the authority and the capacity under those circumstances to evaluate the content of the new matter to ascertain whether a response is mandated. "Procedurally, appellee should have filed a motion ... with the court rather than a praecipe with the prothonotary." *Chamberlain*, 389 Pa.Super. at 605, 567 A.2d at 1070.

Order reversed. We remand the case for further proceedings consistent with this opinion. Jurisdiction relinquished.