## William A. McIntyre & Sons v. Culbert

*Michael A. George,* for plaintiffs.
*Samuel A. Gates,* for defendants.

SPICER, *P.J.,* July 15, 1994—We deal with default judgments taken by defendants for failure by plaintiffs

to file a reply to new matter and an answer to defendants' counterclaim. Facts are undisputed.

Plaintiffs' counsel requested and was given an extension until March 31, 1994, to file a responsive pleading. This date fell on a Thursday. The next day, Friday, April 1, 1994, was a court holiday.

Plaintiffs' counsel became involved in a criminal trial and did not meet the deadline. He called defense counsel on March 31, 1994, and requested another extension. The answer was in the negative but defense counsel said that, since the forthcoming weekend was a holiday, plaintiffs had a three day extension whether or not there was an agreement.

Plaintiffs' counsel prepared the necessary pleadings and hied to the courthouse on Monday, only to find that defendant had, earlier the same day, personally appeared and directed that default judgment be entered.

Plaintiffs promptly filed a motion to strike, followed by a motion to open.

Defendants concede judgment must be stricken based on failure to file a reply to new matter. The prothonotary is not authorized to enter judgment for this dereliction. *Gotwalt v. Dellinger,* 395 Pa. Super. 439, 577 A.2d 623 (1990). Defendants further concede that plaintiffs may assert a meritorious defense to allegations which are basically contradictions of facts alleged in plaintiffs' complaint. Defendants argue, however, that no defect appears of record justifying striking their judgment and that plaintiffs' delay is not excusable.

We will briefly discuss the issues that have been raised.

## MOTION TO STRIKE

Judgments may be stricken only when there is a defect appearing of record. *Rittenhouse v. Barclay White Inc.,* 425 Pa. Super. 501, 625 A.2d 1208 (1993).

Plaintiffs assert the following as defects: a) failure to give notice; and b) the rules do not authorize default judgments in cases of counterclaims.

Rule 237.1(a) dispenses with the requirement of notice prior to taking default judgment, if there is a written agreement specifying an extension and no action is taken within the period of extension. Although vague terms such as "30 day extension" without more do not obviate the necessity for notice, *Alba v. Urology Associates of Kingston,* 409 Pa. Super. 406, 598 A.2d 57 (1991), counsel's letter specifying a date certain will. *Reilly Associates v. Duryea Borough Sewer Authority,* 428 Pa. Super. 460, 631 A.2d 621 (1993). Thus, lack of notice does not qualify as a defect.

At present, there seems there is a split in authority as to whether the prothonotary is authorized to enter judgment for default in answering pleadings later than the complaint. 11 Pennsylvania Standard Practice 2d §68.3. Some cases hold that only the court is competent to judge the effect of failures to plead to new matter and counterclaims.

As was pointed out in *Gotwalt v. Dellinger, supra,* many times allegations pleaded after the complaint amount to conclusions of law. In the case of claims and counterclaims, many times the latter is an answer, paraphrased in a manner to justify affirmative relief.

Defendants point out that notice requirements inform opposing parties of the risk of default judgment. They also quote Pennsylvania Civil Practice §7.6 (1988) in which Judge Shugart advises:

"If the defendant files an answer with a new matter or with a counterclaim which is properly endorsed with a notice to plead, the plaintiff is required to file a reply. A failure to do so may result in a default judgment for the defendant." Defendants' brief, p. 3.

However, the statement leaves unanswered the question of who is authorized to enter such judgment.

As is pointed out in Pennsylvania Standard Practice, common pleas decisions, upholding the power of the prothonotary, have not distinguished between new matter and counterclaims. In light of *Gotwalt v. Dellinger, supra,* the persuasiveness of this view is questionable. Further, we think everything expressed in that case applies to counterclaims. Therefore, we think the better view is to limit the authority to the court.

Therefore, the judgment will be stricken.

### MOTION TO OPEN

Superior Court teaches that we should not mechanically apply the three guidelines for opening judgments. Rather, we should apply equitable principles. *Duckson v. Wee Wheelers Inc.,* 423 Pa. Super. 251, 620 A.2d 1206 (1993). Prejudices must be balanced. *Fink v. General Accident Insurance Co.,* 406 Pa. Super. 294, 594 A.2d 345 (1991).

It may well be that defendants are correct in arguing that a busy trial schedule is not a justifiable excuse. However, we come back to the point that the complaint alleges facts which contradict those asserted in the counterclaim. Prejudice to plaintiffs in being prevented from fully litigating matters fairly raised by the pleadings far outweighs any prejudice to defendants.

The attached order is entered.

### ORDER

And now, July 15, 1994, default judgment is stricken and, in the alternative, opened.