J-A17016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JESSICA TAYLOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PAULINE HARRIS | |
| Appellee | No. 1979 EDA 2015 |

Appeal from the Order Entered June 2, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 0034 March Term, 2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED AUGUST 25, 2016**

Jessica Taylor appeals from the trial court's order denying her post-trial motion after the court granted a compulsory nonsuit[1] in favor of Appellee, Pauline Harris.  After careful review, we reverse and remand for a new trial.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A trial court may enter a compulsory nonsuit on any and all causes of action if, at the close of a plaintiff's case against all defendants on liability, the court finds that the plaintiff has failed to establish a right to relief. Pa.R.C.P. 230.1(a), (c); ***Portside Investors, L.P. v. N. Ins. Co. of New York***, 41 A.3d 1, 13 (Pa. Super. 2011).  On appeal, entry of a compulsory nonsuit is affirmed only if no liability exists based on the relevant facts and circumstances, with appellant receiving the benefit of every reasonable inference and resolving all evidentiary conflicts in appellant's favor. The compulsory nonsuit is otherwise properly removed and the matter remanded for a new trial.  ***Scampone v. Highland Park Care Ctr., LLC***, 57 A.3d 582 (Pa. 2012).

This matter arises from an automobile accident that occurred on July 28, 2012, in the area of 15th and Clearview Streets in Philadelphia. On March 3, 2014, Taylor filed a personal injury complaint against Harris alleging that Harris "suddenly and without warning . . . negligently, carelessly and/or recklessly operated [her] vehicle in such a manner as to cause a collision." Plaintiff's Complaint, 3/3/14, at ¶ 5. As a result of the collision, Taylor alleged that she suffered "permanent bodily injuries," *id.* at ¶ 6, and "property damage to [her] vehicle and other related damages." *Id.* at ¶ 15. In response to the complaint, on April 15, 2014, Harris filed an answer with new matter. A jury trial commenced on May 4, 2015. On the second day of trial, at the close of Taylor's case, Harris moved for a nonsuit based on Taylor's failure to file a reply to her new matter.

On May 5, 2015, at 11:23 a.m., Taylor filed a reply to Harris' new matter, generally denying all averments in the new matter and concluding that "the averments were stating conclusions of law to which no response is mandated pursuant to the Pennsylvania Rules of Civil Procedure." Plaintiff's Reply to New Matter, 5/5/15.[2] The court, thereafter, granted Harris' motion for nonsuit and entered judgment in favor of Harris. Taylor filed timely post-

---

[2] At the conclusion of argument on the motion for non-suit, Taylor's counsel stated that they had prepared a reply to Harris' new matter; however, the reply had not yet been time-stamped and entered on the docket. N.T. Trial (Waiver), 5/5/15, at 18. Immediately following Taylor's case-in-chief, Harris' attorney acknowledged that Taylor's reply to new matter was just filed with the court. *Id.* at 20.

trial motions claiming that because Harris did not plead any facts in her new matter, she did not need to file a reply. On June 2, 2015, the court denied the post-trial motions. This timely appeal follows.

On appeal, Taylor presents the following issue for our review: Did the trial court err in granting appellee's Motion for a Non-Suit based upon the fact that plaintiff did not file a Reply to New Matter before trial had begun?

Instantly, Taylor takes issue with the fact that the court granted a nonsuit at the close of her case when Harris' new matter did not contain facts supporting an affirmative defense to require an affirmative denial via a reply. Rather, in such cases, Taylor contends that Harris' averments are automatically deemed denied.

Pursuant to Pa.R.C.P. 1029(b), "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Moreover, "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied." Pa.R.C.P. 1029(d). A responsive pleading shall admit or deny each "*averment of fact in the preceding pleading or any part thereof to which it is responsive.*" Pa.R.C.P. 1029(a) (emphasis added).

In **Gotwalt v. Dellinger**, 577 A.2d 623 (Pa. Super. 1990), our Court stated:

> Pennsylvania Rule of Civil Procedure 1029(d) governs when a party must file a responsive pleading to an averment contained in a new matter or other pleading. Rule 1029(d) provides that averments in a pleading to which no responsive pleading is required shall be deemed to be denied. **If a party's new**

- 3 -

**matter does not contain facts supporting an affirmative defense, but rather contains merely conclusions of law, no denial is required because such averments are deemed to be denied.** Because such averments are deemed to be denied, they are, therefore, in issue, and no judgment may be entered based upon a party's failure to respond to those averments.

**In evaluating whether an averment contained in a new matter requires a response pursuant to Pa.R.Civ.P. 1029(d), trial courts must consider whether the averments are fact-based or are merely conclusions of law.**

*Id.* at 626 (emphasis added). *See* Goodrich-Amram, Standard Pennsylvania Practice (1972 Supplement), § 1030-1 at 308 (purpose of new matter pleading is "to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial.").

Moreover, in *Sechler v. Ensign-Bickford Co.*, 469 A.2d 233 (Pa. Super. 1983), our Court further defined new matter:

The term "New Matter," under which heading Pa. R. Civ. P. 1030 requires affirmative defenses to be pleaded, embraces matters of confession and avoidance as understood at common law, and has been defined as matter which, taking all the allegations of the complaint to be true, is nevertheless a defense to the action. **New matter ignores what the adverse party has averred and adds new facts to the legal dispute on the theory that such new facts dispose of any claim or claims which the adverse party had asserted in his pleading.** Pleaders often confuse specific denials with new matter. A specific denial in contrast to new matter, merely tells what happened in place of the averment of the adverse party which is denied. For example, a denial of the contract pleaded by the plaintiff and the assertion of a different contract or the denial that the defendant is in control of premises and that a third person is in control is fundamentally a traverse and not an avoidance and may not be pleaded as new matter.

*Id.* at 233 (emphasis added).

Thus, if Harris' new matter only averred conclusions of law, Taylor was not compelled to file a reply. ***Enoch et ux. v. Food Fair Stores, Inc.***, 331 A.2d 771 (Pa. Super. 1974); ***see Watson v. Green***, 331 A.2d 790, 792 (Pa. Super. 1974) (court will not grant judgment in favor of defendant when plaintiff does not reply or improperly responds to new matter when allegations in new matter simply restate what has already been placed into issue in complaint and answer); ***see also*** Pa.R.C.P. 1045(b) (all affirmative defenses shall be pleaded under heading "New Matter" and plaintiff who fails to file reply to averments of defendant's new matter shall be deemed to admit all such averments).

Instantly, Harris averred the following in her new matter/answer:

- Pursuant to the applicable provisions of the PMVFRL, plaintiff is precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under said Law up to and including the limit of required benefits under said Law.

- Plaintiff's claims are barred by the applicable Statute of Limitations.

- If any adult plaintiff is the owner or resident of an owner of a currently registered motor vehicle which does not have financial responsibility as defined by the PMVFRL, and if said plaintiff's alleged injuries are not serious as defined by that Law; consequently, that plaintiff may be precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

- In the event that the plaintiff's request damages for delay pursuant to Pa. R.C.P. 238, answering defendant challenges the applicability and constitutionality of said rule, and places same at issue.

- Plaintiff's Complaint fails to state a cause of action upon which relief may be granted for all or part of the causes of action claimed therein.

- Plaintiff's claims may be barred in whole or part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. Section 1701 et seq. as amended (hereinafter PMVFRL); Further, the answering defendant hereby asserts all of the defenses, limitations and immunities available pursuant to the said Law.

- It is further averred that if the plaintiff suffered any injuries and/or damages as alleged, they may have been caused solely and primarily by plaintiff's own conduct of carelessness or negligence, or in the alternative, plaintiff may have assumed the risk of any and all injuries and/or damages which plaintiff alleges to have suffered, all of which is to be determined during the course and scope of discovery or trial.

- **If there is a legal responsibility for the damages set forth in plaintiff's Complaint, then the responsibility is that of other individuals and/or entities over whom the answering defendant had no control as plaintiff s injuries and damages as alleged were not caused in any manner whatsoever by the answering defendant.**

Pauline Harris New Matter, 4/15/14, at ¶¶ 16-23 (emphasis added).

The first seven averments in Harris' new matter are legal conclusions which do not warrant a reply; Harris included no facts to support the conclusions. *See Gotwalt*, *supra* at 626 ("If a party's new matter does not contain facts supporting an affirmative defense, but rather contains merely conclusions of law, no denial is required because such averments are deemed to be denied."); *see also Enoch*, *supra* at 914 (legal conclusion of sovereign immunity averred in new matter does not require denial from plaintiff); *Watson*, *supra* (where defendant averred Dead Man's Rule in new matter, court considered it legal conclusion requiring no responsive pleading); *Bowman v. Mattei*, 455 A.2d 714 (Pa. Super. 1983), citing *The United Fund of the Philadelphia Area*, 207 A.2d 847, 850 (Pa. 1965).

Instantly, the trial court granted nonsuit based on Harris' final averment, ¶ 23, which states:

> If there is a legal responsibility for the damages set forth in plaintiff's Complaint, then the responsibility is that of other individuals and/or entities over whom the answering defendant has no control as plaintiff's injuries and damages as alleged were not caused in any manner whatsoever by the answering defendant.

Pauline Harris New Matter, 4/15/14, at ¶23. The court determined that Taylor "had an affirmative duty to respond to Defendant's answer as the averment directly related to the identity of the person responsible for the material act (i.e., the motor vehicle accident)." Trial Court Opinion, 11/25/15, at 2-3. We disagree.

The trial court mischaracterizes the averment found in paragraph 23 of Harris' new matter. This averment was simply a denial that Harris was the factual cause of the injuries and damages alleged in Taylor's complaint. **See** Plaintiff's Complaint, 3/3/14, at ¶¶ 9, 15; **see also** Defendant's Points for Charge (4. Factual Cause) ("In order for the plaintiff to recover in this case, the defendant's negligent conduct must have been a factual cause in bringing about harm."). Because Harris did not aver any facts to support this legal theory, Taylor was not required to file a reply under Rule 1029(d). Accordingly, because Harris' averment should have been deemed denied, the court improperly found that Taylor failed to establish a right to relief. **Scampone**, **supra**. Therefore, the nonsuit must be removed and the matter remanded for a new trial. **Id.**; **Gotwalt**, **supra** at 626 ("Because

- 7 -

such averments are deemed to be denied, they are, therefore, in issue, and no judgment may be entered based upon a party's failure to respond to those averments.").

Order reversed.[3] Case remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2016

---

[3] We also recognize our Supreme Court's decision, **Cagnoli v. Bonnell**, 611 A.2d 1194 (Pa. 1992), reversing an order granting judgment on the pleadings based upon plaintiff's failure to file a reply to defendant's new matter. In that case, the Court based its holding on the fact that the defendant "had the opportunity over a period of almost two years to file his Motion for Judgment on the Pleadings in compliance with the procedure required by the local rules in conjunction with Pa.R.[C.]P. 1024 for timely filings" and, consequently, the plaintiff "was deprived of the opportunity to fully and fairly argue against . . . [defendant's] motions." **Id.** at 1196. Similarly, we note that Harris did not move for judgment in her favor (at trial), based upon Taylor's failure to reply to new matter, for more than one year after she filed her answer.