IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason T. Foust,                          :
                                         :
                    Appellant            :
                                         :
          v.                             : No. 1281 C.D. 2022
                                         : Submitted:  October 10, 2023
Pennsylvania Department of Human         :
Services, Pennsylvania Department        :
of Corrections, and Torrance             :
State Hospital                           :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY JUDGE WOJCIK                          FILED:  November 8, 2023


          Jason T. Foust (Employee) appeals from the October 14, 2022 order of
the Westmoreland County Court of Common Pleas (trial court) granting the
Pennsylvania Department of Human Services' (DHS)[1] and Torrance State Hospital's
(Hospital) (collectively, Employer) Motion for Judgment on the Pleadings (Motion).
Employee contends that the trial court erred by finding that his Complaint
challenging the termination of employment was untimely and was not equitably
tolled by the subsequent removal of his name from the Civil Service List, and by
drawing a negative inference from his failure to reply to Employer's New Matter.
Upon review, we affirm.

---

[1] The parties stipulated to the dismissal of the Pennsylvania Department of Corrections.
Original Record, Item No. 23, at 6.

## I. Background

Employee worked at the Hospital, which is a public psychiatric hospital operated by DHS, as a Forensic Security employee from December 19, 2005, to August 10, 2015, when he was terminated from employment for unauthorized absences and unavailability for employment.

On June 4, 2018, Employee filed a Complaint with the trial court against Employer asserting disability discrimination pursuant to the Pennsylvania Human Relations Act (PHRA),[2] which he later amended. In the First Amended Complaint (Amended Complaint), Employee alleged that he cared for patients housed at the Hospital, including inmates. Employee further alleged that he sustained two work-related injuries in May 2012, and then December 2014, which Employer contested. On December 24, 2014, Employee was suspended without pay or benefits for 60 days. Employee grieved his suspension, which was settled with a reprimand. Employee did not return to work because of medical restrictions related to the work injuries. In April 2015, Employee was released to sedentary part-time work with restrictions, including no contact with inmate patients. Employer advised Employee that he could not return to work until he was fully released without medical restrictions. By letter dated July 16, 2015, Employer notified Employee that he had exhausted his accrued leave entitlement as of July 12, 2015; he was in an unauthorized excuse status; and he must return to full-time, full-duty work or resign or pursue disability retirement. *See* Amended Complaint, ¶¶8-28, 35-37, 42-44, 46-47; Reproduced Record (R.R.) at 4a-7a.

Employee further alleged that, by letter dated August 10, 2015, he was discharged for "Unauthorized Absence/Unavailability for Employment." Amended Complaint, ¶¶48, 54; R.R. at 7a-8a. Employee filed a *pro se* Charge of

_____

[2] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§951-963.

2

Discrimination with the Equal Employment Opportunity Commission (EEOC) on May 3, 2016. Amended Complaint, ¶55; R.R. at 8a. By letter dated August 31, 2016, DHS notified Employee that he was to be removed from the Civil Service List. Amended Complaint, ¶56; R.R. at 8a. The letter indicated that his "removal, in part, was the result of his termination from [the Hospital] due to unauthorized absence." Amended Complaint, ¶57; R.R. at 8a. Employee "received a right to sue letter from the [Pennsylvania Human Relations Commission (PHRC)] on or about September 11, 2017." Amended Complaint, ¶64; R.R. at 8a. Employee asserted that his termination from employment was the result of disability discrimination because he was not granted an extension of his leave despite his alleged work injuries, and his request for a reasonable accommodation was denied. Amended Complaint, ¶¶65-70; R.R. at 9a.

In response, Employer filed Preliminary Objections (POs) on the basis that the trial court lacked jurisdiction over Employee's Amended Complaint because he did not file his administrative charge within the statutory 180-day deadline. The trial court denied the POs on the basis that factual issues existed. Employer also filed a Motion for Summary Judgment on alternate grounds not relating to the timeliness of Employee's filing, which the trial court denied. Employer then filed an Answer and New Matter, to which Employee did not reply. Thereafter, Employer filed the Motion reasserting that Employee's Amended Complaint was time barred because he did not file his administrative charge within the statutory 180-day deadline.

Following briefing and oral argument, the trial court granted the Motion. The trial court explained that the allegations of both parties set forth an identical timeline of all actions relevant to the issue. Specifically, both parties agreed

3

that Employee was discharged on August 10, 2015, and filed a Charge of Discrimination with the EEOC on May 3, 2016, and with the PHRC on May 25, 2016. By letter dated August 31, 2016, DHS removed Employee from the Civil Service List. Sections 9(h) and 12(c)(1) of the PHRA, 43 P.S. §§959(h) and 962(c)(1), require a party to file a complaint with the PHRC within 180 days after the alleged discrimination. A failure to do so acts to bar a complainant from seeking judicial review of the claims. *Vincent v. Fuller Co.*, 616 A.2d 969, 974 (Pa. 1992). Employee's May 3, 2016 EEOC complaint was filed 267 days after his termination; his May 25, 2016 PHRC complaint was filed 289 days after his termination. The trial court rejected Employee's claim that the subsequent removal of his name from the Civil Service List on August 31, 2016, constituted a continuing violation that equitably tolled the statutory period. The trial court explained that the continuing violation theory does not apply to discrete acts, including Employee's termination and removal from the Civil Service List. From this decision, Employee now appeals.[3]

---

[3] "The standard by which a court reviews a request for judgment on the pleadings is limited. A motion for judgment on the pleadings will be granted only where, on the facts averred, the law says with certainty no recovery is possible." *Piehl v. City of Philadelphia*, 987 A.2d 146, 154 (Pa. 2009). "[J]udgment on the pleadings should not be entered where there are unknown or disputed issues of fact." *Id*. In ascertaining whether issues of fact are in dispute,

> we must confine the scope of our review to the pleadings and documents properly attached thereto. Accordingly, [we] must accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. No factual material outside of the pleadings may be considered in determining whether there is an action under the law. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

**(Footnote continued on next page…)**

4

## II. Issues

On appeal, Employee raises two issues.  First, Employee contends that the trial court erred in determining that his Complaint was untimely and barred by the statute of limitations.  Second, Employee asserts that the trial court erred in drawing a negative inference from his failure to file a reply to New Matter.

## III. Discussion
### A. Discrete Act or Continuing Violation

Employee contends the trial court erred in finding that Employee's removal from the Civil Service List on August 31, 2016, was a discrete act, as opposed to a continuing violation, which would equitably toll the statute of limitations.  According to Employee, the discriminatory violation was continuing because the justification provided by DHS for his removal – "Unauthorized Absence/Unavailability for Employment" – was the same reason provided when Employer initially terminated him from his employment on August 10, 2015.  When a violation is continual, the limitations period is measured from the last occurrence of the discrimination, not from the first occurrence.  Because Employee showed at least one discriminatory act occurred within the limitations period, his Complaint was timely and was not barred by the statute of limitations.

A person claiming to be aggrieved by an alleged unlawful discriminatory practice may file a complaint with the PHRC.  Section 9(a) of the PHRA, 43 P.S. §959(a).  The PHRC must notify a complainant if, within one year of filing of complaint, it dismisses the complaint or has not entered a conciliation agreement.  Section 12(c) of the PHRA, 43 P.S. §962(c).  Upon receipt of such notice, a complainant is permitted to bring an action in the court of common pleas.

---

*Angino & Rovner v. Jeffrey R. Lessin & Associates*, 131 A.3d 502, 507 (Pa. Super. 2016).

*Id*. Persons with claims that are cognizable under the PHRA must first avail themselves of the administrative process or will be barred from the judicial remedies authorized in Section 12(c) of the PHRA. *Vincent*, 616 A.2d at 974.

In adjudicating a discriminatory complaint, the courts construe the PHRA in light of principles that have emerged from federal precedent interpreting federal antidiscrimination statutes, particularly Title VII of the Civil Rights Act of 1964 (Title VII).[4] *See Chmill v. City of Pittsburgh*, 412 A.2d 860, 871 (Pa. 1980). Although the PHRA is a state statute that exists independently of its federal counterparts, the Pennsylvania Supreme Court has chosen to "harmonize" its construction of the PHRA with decisions interpreting federal antidiscrimination statutes that address the same concerns. *Id.* at 871-72.

In the seminal case of *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the United States (U.S.) Supreme Court distinguished discrete acts from continuing violations for purposes of filing a timely complaint under Title VII. The U.S. Supreme Court rejected a claim that discrete injuries arising outside of Title VII's 300-day statutory limitations period were actionable as part of a "continuing violation." 536 U.S. at 113. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id*. "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Id*. The U.S. Supreme Court explained that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination

---

[4] 42 U.S.C. §§2000e - 2000e-17.

and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id*. at 114.[5]

Significantly, the U.S. Supreme Court recognized an exception applicable to hostile work environment claims under the "continuing violation" doctrine. *Morgan*, 536 U.S. at 115. The U.S. Supreme Court distinguished "hostile environment claims" from discrete acts explaining that the "very nature" of a hostile environment claim "involves repeated conduct." *Id*. "The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id*. The claims "are based on the cumulative effect of individual acts." *Id*. The U.S. Supreme Court held that courts may apply the continuing violation doctrine to toll the statutory time period in hostile work environment claims. *Id*. Thus, a hostile work environment claim "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id*. at 122.

The *Morgan* opinion effectively overruled a host of circuit court cases and resolved disagreement among the circuits. Following *Morgan*, the U.S. Court of Appeals for the Third Circuit (Third Circuit Court) refined and clarified its prior precedent:

> Under the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim; such acts

---

[5] Courts following *Morgan* cite other examples of discrete acts, such as an employer's denial of an employee's request for religious or disability accommodation. *See, e.g.*, *lmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 132 (2d Cir. 2003) (religious accommodation); *Cherosky v. Henderson*, 330 F.3d 1243 (9th Cir. 2003) (disability accommodation).

"can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period." *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (citing *Morgan*, 536 U.S. at 105[] (explaining court may consider "entire scope of a hostile work environment claim . . . so long as any act contributing to that hostile environment takes place within the statutory time period")). A hostile work environment claim "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' and "cannot be said to occur on any particular day." *Morgan*, 536 U.S. at 115-17[]. To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period. *See* [*id.*] at 122[]; *see also West v.* [*Philadelphia Electric*] *Co.*, 45 F.3d 744, 754-55 (3d Cir. 1995) (explaining plaintiff must show that at least one act occurred within the filing period and that the harassment is "more than the occurrence of isolated or sporadic acts of intentional discrimination").

*Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165-66 (3d Cir. 2013).

This Court applied the guidance of *Morgan* and other federal precedent to PHRA claims and similarly limited the continuing violation doctrine to hostile work environment claims. *Barra v. Rose Tree Media School District*, 858 A.2d 206 (Pa. Cmwlth. 2004). We echoed that "[e]ach discrete act . . . constitutes a separate actionable unlawful employment practice, and starts a new clock for filing charges alleging that act." *Barra*, 858 A.2d at 213 (citing *Morgan*, 536 U.S. at 113-14). We explicitly recognized that the "continuing violation" doctrine cannot be used to render a PHRC complaint timely when that complaint is based on a "discrete act" that is alleged to have occurred more than 180 days before the applicable filing date. *Id*. We explained:

[T]he very nature of hostile work environment claims involves "repeated conduct" that "occurs over a series of

8

days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." [*Morgan*, 536 U.S.] at 115[]. Consequently, "[s]uch claims are based on the cumulative [e]ffect of individual acts." *Id*. Therefore, in determining whether an actionable hostile work environment claim exists, the Court is to look to "'all circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id*. at 116[] (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23[] (1993)).

*Barra*, 858 A.2d at 213.

In short, unless a claim involves a hostile work environment, discrete acts will immediately trigger the commencement of the filing period. A party must file a charge of a discrete discriminatory act within the 180-day limit applicable to PHRA claims or lose the ability to recover for it.

Here, the relevant dates are not in dispute. Employer terminated Employee on August 10, 2015. The termination of employment was a discrete act triggering the statute of limitations. *See Morgan*; *Barra*. Employee filed a Charge of Discrimination with the EEOC on May 3, 2016, and with the PHRC on May 25, 2016, challenging his termination. Both complaints were filed beyond the 180-day statutory limitation and were untimely.

Employee attempts to resurrect his untimely complaints by claiming that DHS's subsequent action taken on August 31, 2016, of removing him from the Civil Service List constituted a "continuing violation" of past discrimination. In support, Employee relies primarily on *West*, in which the employee alleged facts sufficient to support application of the continuing violation theory to toll the statutory filing period. However, *West* was decided before *Morgan*. The Third Circuit Court recognized the abrogation of *West* and clarified its application of the

9

continuing violation doctrine following *Morgan*. *Mandel*, 706 F.3d at 167. To the extent portions of *West* remain viable following *Morgan*, *West* and similar continuing violation cases are readily distinguishable because they involved a "hostile work environment" claim, which is not alleged here. *See West*, 45 F.3d at 750; *see also Morgan*; *Barra*.

Like the termination of employment itself, Employee's removal from the Civil Service List constituted a separate discrete act triggering the statutory period.[6] *See Morgan*; *Barra*. The fact that the removal was based on the same reason does not alter its character as a discrete act. Employee could have challenged his removal from the List by filing a new charge of discrimination. However, Employee cannot string together his removal from the Civil Service List to toll the statute of limitations applicable to the termination of his employment. The termination and removal are discrete acts that are independently actionable. We, therefore, conclude that the trial court did not err in granting Employer's Motion upon determining that Employee's challenge of his employment termination is now time barred.

### B. Negative Inference

Next, Employee contends that the trial court erred in drawing a negative inference from Employee's failure to file a reply to Employer's New Matter. Averments expressing conclusions of law do not require a responsive pleading and are deemed denied under the Pennsylvania Rules of Civil Procedure. Employee maintains that Employer's averments relative to the issue of the timeliness of the PHRA filing were conclusions of law to which no response was required.

---

[6] As the trial court noted, Employee's "counsel agreed at the time of oral argument that the termination and the [Civil Service List removal] letter were two discrete acts." Trial Court Op., 10/14/2022, slip op. at 4.

Pennsylvania Rule of Civil Procedure 1029(d) governs responsive pleadings and the consequences for failure to deny averments contained in a new matter or other pleading. Pa.R.Civ.P. 1029(d). "A responsive pleading shall admit or deny each averment of fact . . . ." Pa.R.Civ.P. 1029(a). Averments of fact not denied are deemed admitted. Pa.R.Civ.P. 1029(b). However, "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied." Pa.R.Civ.P. 1029(d). This means that if a party's new matter does not contain facts supporting an affirmative defense, but rather contains merely conclusions of law, no denial is required because such averments are deemed to be denied. *Sippos by Sippos v. Richards*, 541 A.2d 413, 415 (Pa. Cmwlth. 1988). "Because such averments are deemed to be denied, they are, therefore, in issue, and no judgment may be entered based upon a party's failure to respond to those averments." *Gotwalt v. Dellinger*, 577 A.2d 623, 626 (Pa. Super. 1990). "In evaluating whether an averment contained in a new matter requires a response, courts must consider whether the averments are fact-based or are merely conclusions of law." *Id.*

Here, Employee's lack of response admitted averments of fact but not conclusions of law. To the extent Employer's averments contained in the New Matter related to the issue of timeliness of the PHRA filing, such are conclusions of law to which no response was required. However, contrary to Employee's assertions, the trial court did not enter judgment based on Employee's failure to reply to Employer's New Matter or otherwise draw a negative inference from his lack of reply. Rather, the trial court simply noted that Employee did not file a reply to the New Matter and correctly recited the foregoing rule that "any *averments of fact* not denied are deemed admitted pursuant to Pa.R.C[iv].P. 1029(b)." Trial Court Op., 10/14/2022, slip op. at 3 (emphasis added). The trial court continued:

11

> Regardless, the allegations of both parties set forth an identical timeline of all actions relevant to the issue before the Court, including the following; [Employee] was fired by [Employer] on August 10, 2015; [Employee] filed his EEOC Complaint on May 3, 2016; [Employee] filed his PHRC Complaint on May 25, 2016; [Employee] was removed from the [C]ivil [S]ervice [L]ist by letter on August 31, 2016; [and] the PHRC issued the right to sue notice on September 11, 2017.

*Id.*

The critical facts underpinning the trial court's entry of judgment on the pleadings are the chronology of the events themselves, which Employee does not dispute. In fact, Employee specifically pleaded all but one of these dates in his Amended Complaint. *See* Amended Complaint, ¶¶48, 55, 56, 64; R.R. at 7a-8a; *see also* R.R. at 117a. Although the Amended Complaint did not expressly state that Employee filed a Charge of Discrimination with the PHRC on May 25, 2016, this fact is not disputed. Employee alleged that he "received a right to sue letter from the PHRC on or about September 11, 2017," which establishes that a PHRC complaint was previously filed. Amended Complaint, ¶64; R.R. at 8a; *see Emerich v. Philadelphia Center for Human Development, Inc.*, 720 A.2d 1032, 1043 (Pa. 1998) (permitting review of the facts as averred in the complaint, with all reasonable inferences therefrom). The PHRC complaint was produced during discovery; Employer attached a copy of Employee's PHRC complaint, filed on May 25, 2016, to its Motion. R.R. at 119a. Employee readily acknowledges that his initial claim filed with the PHRC was filed outside the 180-day PHRA window. *See* Appellant's Brief at 16. It is these undisputed facts that formed the basis of the judgment. Thus, we discern no error.

12

## IV. Conclusion

Accordingly, we affirm the order of the trial court granting Employer's Motion.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason T. Foust,                                    :
                                                   :
                          Appellant                :
                                                   :
              v.                                   :  No. 1281 C.D. 2022
                                                   :
Pennsylvania Department of Human                   :
Services, Pennsylvania Department                  :
of Corrections, and Torrance                       :
State Hospital                                     :

# **O R D E R**

AND NOW, this 8th day of November, 2023, the order of the Westmoreland County Court of Common Pleas, dated October 14, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge