J-S23018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| INSECTARIUM AND BUTTERFLY PAVILION, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| STEVEN RUBIN, EXECUTOR OF THE ESTATE OF MILTON RUBIN AND STEVEN RUBIN | : | No. 2091 EDA 2023 |

Appeal from the Judgment Entered August 16, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170503158

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                 **FILED OCTOBER 11, 2024**

Appellant, Insectarium and Butterfly Pavilion, Inc. ("Insectarium"), purports to appeal from the judgment entered[1] in the Philadelphia County Court of Common Pleas, in this quiet title action. We quash this appeal.

The relevant facts of this case are well known to the parties, and we need not reproduce them here. Briefly, in 2016, Stephen Kanya executed a quitclaim deed (dated August 18, 2016 and recorded December 2, 2016) to property located at 8046-48 Frankford Avenue, Philadelphia, PA ("Property")

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Insectarium filed its appeal from the order denying post-trial motions, an appeal properly lies from the entry of judgment following the disposition of any post-trial motions. ***See Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514 (Pa.Super. 1995) (*en banc*). We have amended the caption accordingly.

in favor of Insectarium. At the time of the conveyance, the Property was burdened by a mortgage held by the Estate of Milton Rubin ("Estate").[2]

On May 23, 2017, Insectarium initiated the instant quiet title action ("Quiet Title Action") against the Estate. On November 6, 2017, Insectarium filed a motion to consolidate the Quiet Title and Mortgage Foreclosure cases, which motion the trial court denied. Although not consolidated, the trial court conducted bench trials for the actions together on February 25-26, 2019. At the conclusion of trial, the court entered a verdict in favor of Insectarium and against the Estate in both cases. Significantly, however, in the Quiet Title Action, the court expressly ordered that "judgment on this order is deferred pending the outcome in Superior Court of the Appeal of [the Estate (in the Mortgage Foreclosure action)] pertaining to the same mortgage." (Trial Court Order, 2/26/19).[3]

On April 13, 2023, Insectarium filed a "motion to reopen" in the Quiet Title Action, which the trial court denied on May 11, 2023. On May 19, 2023, Insectarium filed a "motion to recuse and post-trial motion," seeking a new

_____

[2] The Estate issued notice of default on the mortgage in May 2017, and initiated a foreclosure action ("Mortgage Foreclosure Action") in August 2017.

[3] Upon the Estate's appeal in the Mortgage Foreclosure action, this Court remanded the matter for a new trial. *See Rubin v. Kanya*, No. 2049 EDA 2019 (Pa.Super. filed March 1, 2022) (unpublished memorandum) ("*Rubin I*"). After a new trial on November 28 and 29, 2022, the trial court entered judgment in the Mortgage Foreclosure Action in favor of the Estate and against Insectarium. Insectarium appealed from that judgment, which is pending before this Court at docket No. 1278 EDA 2023 ("*Rubin II*").

trial in the Quiet Title Action, which the court denied on August 7, 2023. On August 8, 2023, Insectarium filed a notice of appeal. On August 16, 2023, after Insectarium filed a *praecipe* for judgment, the prothonotary entered judgment on the original February 26, 2019 verdict in favor of Insectarium and against the Estate.[4]

As a preliminary matter, "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Knopick v. Boyle***, 189 A.3d 432, 436 (Pa.Super. 2018) (internal citation omitted). As a general rule, appellate courts have jurisdiction only over appeals taken from a final order. ***In re Bridgeport Fire Litigation***, 51 A.3d 224, 229 (Pa.Super. 2012). A final order in a civil case is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Rule 341(c). Pa.R.A.P. 341(b)(1), (3). Further, "where it is established that the prothonotary has entered judgment against a party beyond his authority, such action is considered void and the judgment entered by him is a nullity and lacks legal effect." ***Gotwalt v. Dellinger***, 577 A.2d 623, 624 (Pa.Super. 1990) (citation omitted).

Instantly, Insectarium purported to file the current appeal from the August 7, 2023 order denying its post-trial motions in the Quiet Title Action. As such order was not final (***see Johnston, supra***), Insectarium then filed a

---

[4] Notwithstanding the impropriety of the current appeal as discussed ***infra***, Insectarium's appeal from the denial of post-trial motions generally relates forward to entry of this judgment. ***See*** Pa.R.A.P. 905(a).

*praecipe* purporting to have final judgment entered on the original February 26, 2019 verdict. Nevertheless, the court's February 26, 2019 order in favor of Insectarium in the Quiet Title Action expressly stated that "judgment on this order is deferred pending the outcome in Superior Court of the Appeal of [the Estate (in the Mortgage Foreclosure action)] pertaining to the same mortgage." (Trial Court Order, 2/26/19).

Upon consideration of the Estate's appeal in **Rubin I**, this Court declined to enter judgment in favor of either party and instead remanded for a new trial. **See Rubin I, supra**. The trial court ultimately rendered a verdict following the new trial in the Mortgage Foreclosure Action in favor of the Estate, and the appeal of that decision is currently before this Court in **Rubin II**. **See Rubin, II**. Thus, the effect of the trial court's February 26, 2019 order deferring judgment in the Quiet Title Action operated as a stay of proceedings in that action pending this Court's decision on the merits in the Mortgage Foreclosure Action. Consequently, Insectarium must await this Court's decision in **Rubin II**, after which the trial court can enter final judgment in the Quiet Title Action, from which the aggrieved party may appeal. As the prothonotary lacked authority to enter the August 16, 2023 judgment on the original February 26, 2019 verdict, such judgment constitutes a legal nullity. **See Gotwalt, supra**. Accordingly, Insectarium's appeal in the Quiet Title action is premature, and we quash it.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/11/2024